FLOYD *v.* FLOYD.

(Division B.   June 3, 1935.)

[161 So. 752.   No. 31780.]

(1)

Howie & Howie, of Jackson, for appellant.

Ray & Spivey, of Canton, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellee, the widow of C. N. Floyd, deceased, probated her claim against the estate of her husband in the sum of one thousand fifty dollars. The claim was contested by the appellant as administrator of the estate. The court ruled out all the evidence offered by appellant and allowed the claim for nine hundred fifty dollars, being the amount left after the deduction from the probated claim of the sum of one hundred dollars, admitted by appellee to have been paid her by her deceased husband. From that decree, appellant prosecutes this appeal.

Appellee and the deceased were divorced about two years before his death. They had five children, ranging in age from something like twelve to sixteen years. Their home was in Flora, in Madison county. The deceased owned sixty-eight acres of land with a home on it near Magee, in Simpson county. Appellee's parents resided at Magee. The decree of divorce awarded to appellee the custody of the children, and provided that the husband and father should pay appellee fifteen dollars a month on or before the 5th of each month, beginning in

December, 1932, such sum to be supplemented by groceries and other necessities furnished by him in the additional sum of thirty-five dollars a month, and in case of sickness he should pay the necessary doctor and hospital bills, and in emergencies "when clothing shall be required in addition to the fifty dollars, shall pay for said clothing and supply the same." The decree provided further that he should furnish, at his expense, free of rent, a home owned by him, located near Magee, consisting of sixty-eight acres of land and a residence thereon, and, in addition, certain household goods and furniture.

The specific grounds upon which the contest of the claim was based are not set out in the record. Judging from the character of evidence introduced by appellant, the ground of contest was that the claim had been paid in whole or in part by the deceased during his lifetime. The evidence showed without any substantial conflict these facts: That, immediately after the divorce, the deceased tried to carry out the decree and was prevented from doing so by appellee. He tried to deliver the children to her at the home provided for in the decree. She refused to live there, but insisted upon living with her parents. The children refused to live with her parents; the result was that they went back to their father at Flora, who cared for and supported them for a period of about twenty-one months, when he was killed. He paid the entire expense of their support and schooling. Appellee remained with her parents. She admitted that she received from her husband the sum of one hundred dollars under the provisions of the decree.

The grounds upon which the chancellor excluded the evidence are set out in his opinion and made a part of the record. They are: 1. That the monthly installments of fifty dollars, provided by the decree, had matured, and appellee for the benefit of herself and her children had a vested right therein that could not be disturbed by

any subsequent action of the court. 2. That marriage is a civil contract; that the public is interested in it; that it cannot be disturbed except at the instance of one of the parties, and this immunity covers alimony and support of the children, and that this principle applies to the personal representative of a deceased party to the contract.

We do not think either of those principles is applicable to this case. The contest of the claim was not for the purpose of having the court change or modify the divorce decree; it was for the purpose of showing that it had been complied with in whole or in part, at least to the extent of what the father spent during the twenty-one months in the maintenance and support of his children. The absolute payment of fifty dollars a month was not awarded to appellee for her use alone; it was for the support of her children as well as herself. The principles laid down in Schlom v. Schlom, 149 Miss. 111, 115 So. 197, 198, are applicable here. There the decree was for a joint allowance for the wife and four children. One of the sons lived with the father with the mother's consent; he was supported by the father. A daughter was in college, and with the mother's consent the father sent her support money direct to her. It was shown that the father paid the amount allowed by the decree, but did not pay the full amount to his wife. It was argued that the full amount belonged to the wife; that it was a vested right which could not be disturbed by any subsequent decree. The court said that was a misconception of the case; that the allowance did not belong to the wife entirely; that it was to be paid to her for the support of herself and children; that each had an equity in the allowance, and that when she consented for the son to live with and be supported by the father, and the daughter's share of the allowance be sent to her directly, "this necessarily called for an equitable reduction of the amount of

money paid to the wife, the exact amount to be determined from all the circumstances in the case.''

There is no effort here to disturb a vested right. As stated, it is not sought to modify or change the decree, but to show that it had been complied with, at least in part. When appellee probated her claim and asked a court of equity to allow it, she came under the principle that he who seeks equity must do equity. Not only the heirs of the deceased are interested in this question, but the creditors of the estate are also interested, espcially if the estate is insolvent. The decree cannot now be changed, but, under the evidence ruled out, the estate of the deceased in equity and good conscience is entitled to at least a credit for costs of the support and maintenance of the children.

Reversed and remanded.