TALIAFERRO *v.* FERGUSON.

In Banc. Jan. 14, 1949.

(38 So. (2d) 471)

John H. Holloman, John E. Carruth, D. C. Stone, for appellant.

132

134

**W. L. Sims,** for appellee.

138

**Montgomery, J.**

The appellant and the appellee were formerly husband and wife. Three children were born of the marriage. On October 15, 1940, appellant was granted a decree of divorce from her husband, which decree gave to her the care, custody, and control of said minor children, with the right to the father to have them visit him at reasonable times when not in school, and requiring the father to pay $75 per month as his contribution to the care, custody, and control of said children. On August 17, 1945, Mrs. Ferguson married Mr. Walton Taliaferro and took up her home is Harrisonburg, Virginia, where she now resides.

On August 19, 1947, Mrs. Taliaferro filed here petition in the Chancery Court of Lowndes County, wherein the decree of divorce had been rendered, setting up that Ferguson had contemptuously disregarded the decree by refusing to let her take the children from his home; had attempted to alienate the affections of the children against her; had wilfully detained the children in his home and refused to let the children visit her; had contemptuously failed and refused to pay for the support, maintenance and education of the children while in her custody; and contemptuously and surreptitiously removed James Smith Ferguson from Augusta Military Academy, where she had placed him in school at her own expense, causing him to lose the credits for a year's work, and praying that Ferguson be cited for contempt, be adjudged to be in contempt of court, be ordered to

return James Smith Ferguson into her custody immediately, and that he be enjoined to strictly obey and comply with the orders of the court as to the custody of the children.

By order of the court, citation issued and was served on Ferguson on August 27, 1947, returnable before the court on September 3, 1947. On September 3, 1947, Ferguson answered the petition, and on the same day filed his petition to modify the decree, hereinabove referred to, and award to him the custody of James Smith Ferguson.

The petition of Mrs. Taliaferro was heard on the return day of the citation, and the chancellor heard testimony and took the matter under advisement for decision at the next term of court, when an agreed decree was entered setting the matter for November 3, 1947, and on that day Mrs. Taliaferro filed her answer to Ferguson's petition to modify the former decree. The chancellor then heard the matter and, upon the conclusion of the testimony, rendered his decision on both of the above mentioned petitions. In his opinion, he found Ferguson "was guilty of contempt of this court in respect to said former decree, as set out in said petition for contempt citation . . .", but entered a decree granting the custody of Verell Pennington Ferguson, Jr. and James Smith Ferguson to the father, and granting the custody of Elizabeth Ann Ferguson to the mother, relieving her father of all responsibility for her support and, at the same time, relieving Mrs. Taliaferro of all responsibility for the support and maintenance of the two boys, and giving to Mrs. Taliaferro the right to visit the boys and have them visit her provided the visits are within the jurisdiction of the court.

It is one of the oldest and most universal of principles required to be observed by the court of chancery that, when a party seeks the interposition and aid of that court, such a party must show that in good faith and to the best of his ability and understanding he on his

part has rendered unto the opposite party all the rights to which the latter is entitled in respect directly to the subject matter of the suit or petition, and this is true even as to many of those things which the defendant could not compel by an independent suit. Thus, when two parties have entered into a contract containing reciprocal covenants, or. where such duties are required by a decree of court, particularly where that part of the decree involving the reciprocal duties has been entered by consent, one party may not successfully call upon the other to perform the duties and obligations imposed upon the latter, unless the petitioning party shows that on his or her part he or she has done those things which the contract or decree requires of him or her, or else presents and substantiates such a complete and well-founded excuse that the petitioner's default may for the time be postponed or substituted; and the case, when an excuse will be recieved and the other party nevertheless required to perform, will be rare and under only the most compelling and exceptional circumstances. Such was the clear holding of this Court in Williams v. Williams, 167 Miss. 115, 148 So. 358, 88 A. L. R. 197. This is but a manifestation of the principles underlying the equitable maxim "He who seeks equity must do equity." █ █ The rule applies where the adverse equity to be secured or awarded to the defendant grows out of the very controversy before the court, or out of such transaction as the record shows to be a part of its history, or where it is so connected with the cause in litigation as to be presented in the pleadings and proofs, with full opportunity afforded to the party thus recriminated to explain or refute the charges. Pomeroy's Equity Jurisprudence, (4th Ed.) Sec. 387, Vol. 1, page 720. Where this maxim of "He who seeks equity must do equity" leaves off another maxim "He who comes into equity must come with clean hands" begins. █ █ The maxim, considered as a general rule controlling the administration of equitable relief in particular controversies, is confined to

misconduct in regard to, or at all events connected with, the matter in litigation, so that it has in some measure affected the equitable relations subsisting between the two parties, and arising out of the transaction; it does not extend to any misconduct, however gross, which is unconnected with the matter in litigation. Pomeroy's Equity Jurisprudence, (4th Ed.) Vol. 1, Sec. 399, page 741.

While the decision in Williams v. Williams, supra, involved a situation where both the right claimed by the one, and the duty charged against the other, grew out of the same decree, and was therefore a proper case for the application of the maxim of "He who seeks equity must do equity", so with equal degree here, where Ferguson is in the attitude of contemptuously refusing to abide by the terms of the decree while at the same time seeking its modification, there is a proper case for the application of that companion maxim, "He who comes into equity must come with clean hands."

Whatever may be the strictly accurate theory concerning the nature of equitable interference, the principle was established from the earliest days, that while the court of chancery could interpose and compel a defendant to comply with the dictates of conscience and good faith with regard to matters outside of the strict rules of the law, or even in contradiction of those rules, while it could act upon the conscience of a defendant and force him to do right and justice, it would never thus interfere on behalf of a plaintiff whose own conduct in connection with the same matter or transaction had been unconscientious or unjust, or marked by a want of good faith, or had violated any of the principles of equity and righteous dealing which it is the purpose of the jurisdiction to sustain. Pomeroy's Equity Jurisprudence, (4th Ed.) Sec. 398, Vol. 1, page 739; Mullins v. Taylor, 132 Miss. 551, 97 So. 5.

The court below found, and properly so, that at the time Ferguson filed his petition for a modification of the decree, he was in contempt of court because of his

willful and contemptuous refusal to comply with the terms of the decree, and he was still in contempt of court at the time of the granting by the lower court of the prayer of his petition for a modification of the said decree. A court of equity will never interfere and lend its aid to one whose own conduct in connection with the same transaction has been so unconscientious and unjust, and has so violated the principles of equity and righteous dealing which it is the purpose of the very jurisdiction of the court to sustain. ██ The court below should have refused to hear Ferguson's petition to modify the decree and should have dismissed it, so long as he remained in contempt of the court.

Under the decree of October 15, 1940, Mrs. Ferguson, who is now Mrs. Taliaferro, was entitled to the custody of the children until that decree has been properly modified by the court that rendered it.

██ Mrs. Taliaferro is entitled to the support for the children as provided for in said decree, for the period while the children were in her custody. Ferguson is entitled to credit of the time the children were in his custody. Schlom v. Scholm, 149 Miss. 111, 115 So. 197; Floyd v. Floyd, 173 Miss. 1, 161 So. 752. The court below should state an account between the parties, charging Ferguson at the rate of $25 per month for each child, up to the time of the alleged adoption, while in the custody of their mother, and then credit Ferguson with such sums as he shows he has paid on account thereof to his former wife, and then judgment should be rendered against Ferguson, in favor of Mrs. Taliaferro for this amount; and Ferguson has no right to invoke the jurisdiction of the court on a petition to modify the decree until he shall have paid the amount so adjudged by the court to be due.

Mrs. Taliaferro does not now seek the custody of Verel Pennington Ferguson, Jr. She now has the custody of Elizabeth Ann Ferguson. ██ Under the decree of October 15, 1940, she is entitled to, and this Court

awards her, the custody of James Smith Ferguson, with the proviso, however, that she enter into bond in a penalty of $7,500, payable to her former husband, conditioned to have the child before the Chancery Court of Lowndes County to abide any order that court may, in the future make, by any modification of its former decree of October 15, 1940, changing the custody of said child.

The decree of the lower court is reversed and remanded for proceedings in accordance with this opinion.

Reversed and remanded.