IN THE MATTER OF THE GUARDIANSHIP OF BOYD QUIN FAUST AND NICKOLAS L. FAUST, MINORS, N. M. FAUST, APPELLANT

No. 41523 September 26, 1960 123 So. 2d 218

*Phillips* & *Wiltshire*, Magnolia, for appellant.

*J. Gordon Roach,* McComb, amicus curiae.

ETHRIDGE, J.

This case raises issues pertaining to the parental right to control the education and religious training of minor children. We hold that here the chancery court, an agency of the State, acted beyond its powers in directing and restricting the father in his right to control their intellectual and religious education, where he was a fit person for their custody.

Appellant, N. M. Faust, is the father of Boyd Quin Faust and Nickolas L. Faust, who, at the time of the decree appealed from, were 15 and 14 years of age, respectively. Their mother died in 1953, and appellant was appointed guardian over their persons and estates, principally for the purpose of managing some real property owned by the boys.

In 1959 appellant, as guardian, filed his second accounting, which was approved by the Chancery Court of Pike County. No appeal is taken from that part of the decree approving the account. However, it contains other adjudications with which this appeal is concerned. They arose in this way: No process was served upon the minors, but the chancellor had appellant bring them before the court. No testimony was taken. The chancellor stated that the boys were in the ninth and tenth grades of the McComb High School, and he wanted them "to know what their rights were in open court." He told appellant he wanted them kept in the McComb High School, and stated that, since they had joined a church in McComb, they had the right to worship God as they desired and attend the church of their choice. The chancellor said that, although appellant could file a petition and obtain a hearing, he wanted these boys to attend the McComb High School, and to attend the church of their choice. Hence, the decree, in addition to approving the accounting, contained these provisions:

"It is further ordered, adjudged and decreed that Boyd Quin Faust, age 15 and Nickolas Lea Faust, age 13, attend the Public Schools of McComb, Mississippi, beginning with the 1959-1960 School Term, and continuing until the completion of High School. It is further ordered, adjudged and decreed that it would be to the best interest of said minors to attend the church of their own choosing and to have the right to worship God according to the dictates of their own conscience.

\* \* \* \*

"It is further ordered, adjudged and decreed that the Guardian and all other parties be enjoined from doing any acts contrary to this decree."

The briefs of counsel contain statements with reference to the religious affiliations and history of both parents and of the minors, before and after the mother's death, but none of this information is in the record, and we of course do not consider it.

In short, this appeal presents a case where there is no showing that the father of these two boys, appellant, is unfit to have their custody or has forfeited any right to it. On the contrary, the decree approving the second accounting in substance again recognizes the father's suitability for their custody, and negatives any assertion that he has forfeited that parental right. Nevertheless, the decree, without any evidence to support the adjudication, tells the father of these children, whose mother is deceased, that he must send them to a particular public school, until they have completed high school, and forbids him, in effect, from supervising their religious education. And it enjoins appellant "and all other parties . . . from doing any acts contrary to this decree."

■■ It is manifest that the decree in these respects and under this record is wholly beyond the powers of the chancery court. ■■■ Unless a parent has forfeited the right by misconduct or unfitness, he or she has the right to control the education and religious training of the child. The Federal and State constitutional guaranties of liberty include not only the right to establish a home and bring up children, "but also the right of the parent to educate his children in such manner as he deems best to secure their happiness and welfare, so long as such training or education does not result in, or tend to develop, tendencies or traits dangerous to society." 39 Am. Jur., Parent and Child, Sec. 49.

The kind and extent of education, moral and intellectual, to be given to a child and the mode of furnish-

ing it are left largely to the discretion of the parents. Certainly judicial machinery is inadequate to the task of educating children, and should not interfere with a parent's right in this regard except to correct abuses or protect the minor. 39 Am. Jur., Parent and Child, Sec. 49; Bryant v. Brown, 151 Miss. 398, 414, 118 So. 184, 60 A. L. R. 1325 (1928); Nickle v. Burnett, 122 Miss. 56, 84 So. 138 (1920); Sinquefield v. Valentine, 159 Miss. 144, 132 So. 81, 76 A. L. R. 238 (1931). Unless shown to the contrary, the presumption is that natural parents will make the best decisions for their offspring. Hendrix v. Hendrix, 226 Miss. 110, 83 So. 2d 805 (1955).

 Moreover, the right of parents to control the education of their children extends to religious education. Generally speaking, and apart from teachings subversive of morality and decency, the courts have no authority over that part of a child's training which consists in religious discipline. 39 Am. Jur., Parent and Child, Sec. 50; Friedman, The Parental Right to Control the Religious Education of a Child, 29 Harv. L. Rev. 485 (1916); Madden, Domestic Relations (1931), p. 394; 1 Schouler, Marriage, Divorce, Separation and Domestic Relations (6th Ed. 1921), Secs. 772-776; Cf. Anno., 66 A. L. R. 2d 1410-1422-1425 (1959).

As illustrated above, this important parental right is protected by common-law principles. It is also a right protected by the due process clauses of the Federal and State Constitutions. U. S. Const., 14th Amendment; Miss. Const. 1890, Sec. 14; 11 Am. Jur., Constitutional Law, Sec. 329. The right is substantially codified in a Mississippi statute. Miss. Code 1942, Recompiled, Sec. 399.

 In summary, the courts have no authority over that part of a child's training which consists of education and religious discipline. Religious views afford no ground for depriving a parent, who is otherwise qualified, of custody and control. See also Denton v. James, 107 Kan. 729, 193 P. 307, 12 A. L. R. 1146 (1920). Hence

the quoted parts of the decree of the chancery court were not proper, and our judgment will amend the decree by striking them from it.

██ █ Although this decision is based upon the above-stated grounds, it should be noted also that the decree as to the training of the minors was not correct, because there were no pleadings raising any such issues. ██ █ The mere fact that appellant was appointed guardian of the persons, as well as estates, of his children did not vest the chancery court with the right to invade parental prerogatives. ██ █ Moreover, the decree which enjoined all parties from its violation could not be applicable to the minors anyway, because no process was served on them, ██ █ and they could not waive it. Carter v. Graves, 230 Miss. 463, 93 So. 2d 177, 180 (1957); Monk v. State, 116 So. 2d 810 (Miss. 1960).

██ █ Parents have three principal duties to their children: first, to protect; second, to educate; and third, to maintain them. ██ █ The duty to educate comprehends intellectual and moral training. We recently held that, where a minor child is qualified for a college education and the father is financially able, it is the father's duty to provide it. Pass v. Pass, 118 So. 2d 769 (Miss. 1960). It would be anomalous indeed to place these duties upon a parent, but then deprive him of the right to control his child's educational and religious training.

The family is the basis of our society. Appellant, the only surviving parent of these two boys, has an interest in their education which lies on a different plane than that of mere property. Moreover, a child has no higher welfare than to be reared by a parent who loves him and who has not forfeited the right of custody. The agencies of our democratic government are obligated to preserve that right, which is not recognized in a totalitarian society.

For the foregoing reasons, the decree of the chancery court is reversed in all respects except as to the appro-

val of the second accounting, and is affirmed as to the latter.

Reversed in part, and affirmed in part.

*Hall, P. J.,* and *Holmes, Gillespie* and *McElroy, JJ.,* concur.