## McIntosh *v.* Meyer

No. 42072 April 2, 1962 139 So. 2d 368

*L. G. Fant, Jr.,* Holly Springs, for appellant.

*Hugh N. Clayton,* New Albany, for appellee.

ROGERS, J.

This is a child custody proceeding brought in the Chancery Court of Marshall County, Mississippi. Appellant and appellee were husband and wife and had one child born unto them, James Hays McIntosh, a son. The parties were divorced and custody of their minor child was awarded to the mother. The father was directed to pay to the mother the sum of $150 per month for support of the child. Both appellee and appellant remarried. About the time appellee was to go on her honeymoon, appellant filed an application in vacation in the chancery court requesting the chancellor to grant him temporary custody of James Hays McIntosh. The petition alleged that conditions had changed since the granting of the original decree awarding custody of the child to appellee, and that it was urgent that custody of the child be changed to appellant. Many witnesses were offered by both sides at the vacation hearing. At the conclusion of the hearing, the chancellor awarded temporary custody of the child to the mother, with liberal visitation privileges to the father.

The case was finally heard at the regular term of court. The evidence on the temporary hearing was, by agreement, incorporated in the final hearing, and additional witnesses were introduced. The chancellor again entered a decree awarding permanent custody of the child to the mother, but permitted visitation of the child with the father. The support for the child was reduced to $100. From this decree, the father appealed, and the mother cross-appealed on the ground that support of the child fixed by the court was an agreement between the parties in the original decree and should not have been reduced.

Appellant argues that appellee admitted the allegations of his petition requesting modification of

the original divorce decree because she denied the charges in general terms throughout her answer to the original and supplemental petitions. We are of the opinion, however, that the authorities cited by appellant with reference to answers in chancery generally are not applicable in this case for the reason that the chancery court will look through the form of pleading in child custody cases to determine the best interest of the child. See Randall v. Randall, 28 So. 19 (Miss.); Mahaffey v. Mahaffey, 176 Miss. 733, 170 So. 289. It will also be noted that Sec. 2737, Miss. Code 1942, Rec., expressly states that "(3) admissions made in the answer shall not be taken as evidence."

 █ The chancellor heard the testimony of many witnesses introduced in this case, and from a review of this evidence, it is apparent that he carefully examined all of the evidence, not only as to allegations of the petition with reference to the physical welfare of the child but also scrutinized the testimony with reference to the religious training of the child, and we cannot say that he was in error in reaching the conclusion and determination that the best interest of the child required that the mother have his permanent care and custody. The guiding star in child custody cases is that the court determine the best interest of the child. See Earwood v. Cowart, 232 Miss. 760, 100 So. 2d 601; 66 A. L. R. 2d 1410; In the Matter of the Guardianship of Faust, 239 Miss. 299, 123 So. 2d 218.

 █ We are also of the opinion that the chancellor had authority to reduce the support award allowed to appellee in the original divorce decree, and that he did not abuse his discretion in making a new award for the support of the child. Sec. 2743, Miss. Code 1942, Rec.; Crum v. Upchurch, 232 Miss. 74, 98 So. 2d 117.

The decree of the chancery court will therefore be affirmed on direct and cross-appeals.

Affirmed on direct and cross-appeals.

*McGehee, C. J.,* and *Kyle, Ethridge* and *Jones, JJ.,* concur.