200 So.2d 459 (1967)
Danelle K. VOCKROTH
v.
George B. VOCKROTH.
Nos. 44586, 44472.
Supreme Court of Mississippi.
June 5, 1967.
Suggestion of Error Overruled July 10, 1967.
*460 Tighe & Tighe, Jackson, for appellant.
Creekmore & Beacham, Jackson, for appellee.
SMITH, Justice:
The litigation, out of which the appeals in these cases arise, was initiated by Danelle K. Vockroth, who is the appellant in each of them here, on October 23, 1964, by the filing of a bill of complaint in the Chancery Court of the First Judicial District of Hinds County against her husband, George B. Vockroth, appellee, in which she sought a divorce, custody of their children, alimony, and other relief.
After a hearing, on February 19, 1965, the chancellor entered a decree denying appellant a divorce but awarding custody of the children to her, appellee to have certain rights of visitation. The chancellor found that "both parties are of good moral character and are equally fit and suitable" to have the custody of the children, but "because of the tender age of the children their custody should be awarded to complainant (Mrs. Vockroth)." There are two boys and a girl, whose ages on October 23, 1964, the date on which the bill was filed, were eight, five, and three years, respectively. The decree provided:
"* * * Neither party shall remove the said children, or any one of them, outside the state of Mississippi, without first obtaining an order so to do; the Court retaining jurisdiction over said children for the entry of such orders respecting their custody, maintenance and support as *461 may to it, from time to time, be deemed meet and proper in the premises."
Afterward, with the consent of the parties and upon a finding by the court that it was in the best interests of the children, the rights of appellee with respect to the time that he might have the children with him were enlarged. No appeal was prosecuted by either party.
On May 30, 1966, Mrs. Vockroth filed a petition seeking leave of the court to remove the children from Mississippi to Nevada. After a hearing, such leave was denied and the petition was dismissed.
On July 1, 1966, in keeping with the provisions of the decree awarding custody, appellee assumed custody of the children for a 30-day vacation during which he and they visited relatives. On July 31, 1966, upon their return to Jackson, appellee sought to deliver the children to Mrs. Vockroth. However, he was unable to find her or to learn where she was. He was informed by her parents that she was not in the City of Jackson, that they were not at liberty to disclose her whereabouts and that she, Mrs. Vockroth, had directed that the children be turned over to them. Appellee declined to surrender the children to Mrs. Vockroth's parents and, still being unable to locate Mrs. Vockroth, he took the children with him to New Orleans where he was then employed. On the night of July 31, 1966, Mrs. Vockroth telephoned her husband and informed him that she would be out of the state for about three weeks longer. He told her that he would return the children immediately when she got back to Mississippi and, in the meantime, would keep them with him in New Orleans.
On August 5, 1966, when appellee returned to his apartment from work, he discovered that the children were missing and learned from his housekeeper that they had been taken away by Mrs. Vockroth. The following morning he received a telegram stating, "PICKED UP CHILDREN TODAY FOR WHOLE WEEKEND IN NEW HEBRON." Appellee attempted to discover the whereabouts of the children, but was unable to contact Mrs. Vockroth's relatives in New Hebron, and her parents in Jackson continued to refuse him all information as to where the children and Mrs. Vockroth were. On August 9, 1966, appellee received the following telegram from Las Vegas, Nevada, "DIVORCE HERE. IF CONTEST, ADVISE THOMAS G. BELLE, ATTORNEY 319 SOUTH 3RD ST HAVE CHILDREN. DANELLE."
On August 11, 1966, appellee received a letter from his wife, postmarked Las Vegas and dated August 10, 1966, informing him that she intended to remain there only for such time as was necessary to obtain a divorce and that as soon as that purpose was accomplished she would return to Jackson with the children.
On August 15, 1966, appellee filed a petition in the Chancery Court of the First Judicial District of Hinds County setting forth the actions of appellant and praying that the former decree, in which custody of the children had been awarded to her, be modified and their custody awarded to him. Appellee also asked in his petition that Mrs. Vockroth be cited for contempt for the willful violation of the provision in the former decree prohibiting removal of the children from Mississippi.
By reference, the petition incorporated the former decrees, including the decree denying Mrs. Vockroth's petition for leave to remove the children from the State, recited the facts with respect to her actions as outlined above, and alleged that it was in the best interests of the children that he be awarded their custody until Mrs. Vockroth should see fit to return to Mississippi and discharge her responsibilities to them.
The chancellor heard the matter and found that: A material change in circumstances had occurred since the entry of the decree awarding custody of the children to Mrs. Vockroth, in that she had removed them from Mississippi to Nevada in defiance of the decree of the court prohibiting their removal and notwithstanding the *462 court's denial of her request for leave to do so, and it was to their best interest that the former decree be modified and their custody awarded to their father. The court further found that removal of the children to Nevada had deprived their father of his privileges of visitation and the children of their right to the enjoyment of their father's love, companionship, and association. The court also adjudged Mrs. Vockroth to be in willful contempt in removing the children from the state in violation of the decree and imposed a fine of $500 and sentenced her to serve a term of ninety days in jail. The decree provided, however, that Mrs. Vockroth might purge herself and be relieved of the fine and jail sentence by delivering the children to her husband within sixty days from the date of the entry of the decree.
On September 9, 1966, Mrs. Vockroth filed a complaint in the District Court of Clarke County, Nevada, seeking a divorce, alimony, custody of the children, and support for them. It does not appear that she made any disclosure to the Nevada court respecting the pendency of the proceedings in Mississippi.
On October 12, 1966, the Nevada court, apparently still unaware of the Mississippi proceedings, entered a decree granting Mrs. Vockroth a divorce and custody of the children.
Since August 5, 1966, Mrs. Vockroth has had physical custody of the children outside of Mississippi and in Nevada in violation of the decrees of the court.
Mrs. Vockroth has appealed from (1) the decree denying her request for leave to remove the children from Mississippi, and (2) from the decree modifying the former decree (which had awarded custody of the children to her) and adjudging her to be in contempt. The appeals have been consolidated by consent.
It is argued on behalf of Mrs. Vockroth that the appeal from the decree denying her petition for leave to remove the children to Nevada had the effect of depriving the trial court of jurisdiction to enter any further orders respecting their custody, and especially any order modifying the decree entered in the divorce case in which their custody had been awarded to her.
We are unable to agree with that contention. The decree appealed from was limited in scope and dealt with and determined a single issue only, that is, it denied her petition for leave to remove the children from Mississippi to Nevada. There was no adjudication on the petition for removal respecting the rights to custody of either party as fixed in the decree in the divorce case (from which there had been no appeal), and that decree continued in effect. This particular appeal transferred jurisdiction to this Court only for the purpose of reviewing the trial court's action in denying the petition for leave to remove the children from the state. Otherwise, the trial court's jurisdiction, as it related to the custody and welfare of the children, continued unaffected by the appeal, to be exercised under the same circumstances and to the same extent as if the appeal had not been taken, that is to say, if and when a material change in the situation should occur which warranted a modification in the custodial arrangement, in the best interest of the children.
Jurisdiction of the trial court had been first invoked by Mrs. Vockroth in her action for divorce and custody of the children. She was bound by the provisions of the decree in that case, including that prohibiting the removal of the children from Mississippi. There had been no appeal by either party from the decree awarding custody. She next acknowledged the jurisdiction of the court and recognized the validity and effect of the provision in its decree prohibiting removal of the children from Mississippi, by filing the petition for leave to remove the children to Nevada. But, when the court declined to act in accordance with her wishes, she willfully and contemptuously *463 disregarded the court's decree and removed the children to Nevada.
In Taliaferro v. Ferguson, 205 Miss. 129, 38 So.2d 471 (1949), this Court had occasion to comment upon the dubious position of one who sought the aid of equity at a time when he had willfully and contemptuously refused to comply with the terms of the court's decree. The Court said:
"* * * A court of equity will never interfere and lend its aid to one whose own conduct in connection with the same transaction has been so unconscientious and unjust, and has so violated the principles of equity and righteous dealing which it is the purpose of the very jurisdiction of the court to sustain. The court below should have refused to hear Ferguson's petition to modify the decree and should have dismissed it, so long as he remained in contempt of the court." 205 Miss. at 143, 38 So.2d at 473.
Mrs. Vockroth challenges, by her second appeal, the action of the trial court in (1) modifying the award of custody so as to provide that appellee, rather than Mrs. Vockroth, should have custody of the children, and (2) adjudging Mrs. Vockroth to be in willful contempt of the court in removing the children from Mississippi. On the other hand, appellee takes the position that no appeal was perfected from the contempt judgment as provided by Mississippi Code Annotated 1942 section 1152, and argues that the section provides the exclusive method of appealing from a contempt judgment. Appellant replies that this only relates to the effect of the appeal as superseding the decree appealed from.
Conceding for the purpose of this opinion that the appeal from the contempt judgment is properly before this Court, we have concluded that the action of the trial court in adjudging Mrs. Vockroth to be in contempt was manifestly correct and must be affirmed.
Mrs. Vockroth's appeal from the decree denying her petition for leave to remove the children from Mississippi to Nevada was without supersedeas. Such an appeal did not vacate the decree appealed from nor did it vacate the decree containing the prohibition against such removal. Execution of the decree was not stayed by the appeal and hence enforcement of its provisions by contempt proceedings was proper. V. Griffith, Chancery Practice section 664 (2d ed. 1950). It is undisputed that Mrs. Vockroth knowingly and intentionally violated the prohibition against removal of the children, in defiance of the court's decree. No valid excuse or justification has been suggested and she has made no effort to purge herself of contempt by returning the children to Mississippi. On the contrary, she has affirmed and compounded her contemptuous attitude toward the court's decree by going into a court in Nevada and, apparently without disclosing to that court the pendency of the Mississippi proceedings, has obtained the entry of a decree awarding custody of the children to her.
As to the propriety of the chancellor's action, under the circumstances, in modifying the decree and awarding custody to appellee, it must be reviewed in the light of the language of this Court in McIntosh v. Meyer, 243 Miss. 596, 139 So.2d 368 (1962), which stated:
"The guilding star in child custody cases is that the court determine the best interest of the child. See Earwood v. Cowart, 232 Miss. 760, 100 So.2d 601; 66 A.L.R.2d 1410; In the Matter of the Guardianship of Faust, 239 Miss. 299, 123 So.2d 218." 243 Miss. at 601, 139 So.2d at 370.
Moreover, the chancellor has broad discretion in determining an issue in reference to what is for the best interest or welfare of the child. Boswell v. Pope, 213 Miss. 31, 56 So.2d 1 (1952). Nor will this Court disturb the findings of a chancellor *464 in such a case in the absence of an abuse of this discretion. Earwood v. Cowart, 232 Miss. 760, 100 So.2d 601 (1958).
We have concluded that the circumstances disclosed by the record support the chancellor's finding that a material change had occurred since the enrty of the decree awarding custody to Mrs. Vockroth, warranting its modification, as well as his finding that it is to the best interest of the children that their custody be awarded to their father, the appellee.
In our opinion, the chancellor did not abuse his discretion in so modifying the decree.
We find no error in the action of the trial court in denying Mrs. Vockroth's petition to remove the children from Mississippi, and the chancellor's finding that her action in removing them to Nevada was willful and contemptuous is manifestly correct.
Appellant has filed a motion to strike portions of the record, consisting, in the main, of pleadings and documents in the several cases and proceedings in which the parties have been involved in connection with their marital difficulties and custody of their children. We have considered this motion and find that inclusion of this material in the record was reasonably necessary in order to place the issues in proper perspective and as an aid in the consideration of the questions presented on this appeal. Therefore the motion to strike is overruled.
The decrees appealed from, in cases Nos. 44,586 and 44,472, are affirmed.
Affirmed.
GILLESPIE, P.J., and RODGERS, PATTERSON and ROBERTSON, JJ., concur.