386 So.2d 205 (1980)
Julie A. Fortner PEARSON
v.
John L. FORTNER.
No. 51965.
Supreme Court of Mississippi.
July 30, 1980.
Stewart Guernsey, Grenada, for appellant.
No brief filed on behalf of appellee.
Before PATTERSON, BROOM and LEE, JJ.
LEE, Justice, for the court:
Julie A. Fortner Pearson has appealed from a judgment of the Chancery Court of Lafayette County, Honorable William H. Anderson, presiding, which, although adjudicating John L. Fortner in contempt of court for failure to make child support payments, modified the original divorce decree, reduced support payments from forty dollars ($40.00) per week to twenty dollars ($20.00) per week and granted custody of Jean Elizabeth Fortner, 13-year-old child of the parties, to her father, John L. Fortner.
The sole assignment of error is whether or not the chancery court erred in granting relief on the cross-petition while finding appellee in contempt of the court.
Appellee is not represented by counsel on this appeal, and no brief has been filed in his behalf. Appellant has filed a motion for *206 reversal of the judgment rendered in the lower court on that account.
On October 5, 1977, the Chancery Court of Lafayette County entered a decree divorcing appellant from appellee on the ground of habitual cruel and inhuman treatment. Appellee was ordered to pay the sum of $40.00 per week for the support of two (2) minor children of the parties, Jean Elizabeth Fortner and Rickey Fortner, ages 11 and 13, respectively, whose custody was granted to appellant. Appellee failed to make the support payments, although he did, to some degree, provide for the children.
It was necessary for appellant to obtain aid from the Child Support Unit of the State Welfare Department. She was required to assign her support rights to that department, pursuant to Mississippi Code Annotated § 43-19-35 (Supp. 1979), and a petition for contempt was filed by the department against appellee in the name of appellant. An answer and cross-petition were filed by appellee. The chancellor found that appellee was in contempt of the court for failure to make the child support payments as ordered, entered judgment against him in the sum of twenty-five hundred dollars ($2,500), and required him to pay fifty dollars ($50.00) per month on the judgment in order to purge his contempt. The chancellor further granted relief sought in the cross-petition and modified the original divorce decree, granting custody of Jean Elizabeth Fortner, thirteen (13) years of age, to appellee, and he reduced the child support payments to $20.00 per week.
The rule often stated by this Court is to the effect that, if no brief is filed on behalf of the appellee, the fact of confessed error follows unless from the face of the appeal there manifestly is no error. Mississippi State Highway Commission v. Hurst, 349 So.2d 545 (Miss. 1977); Green v. Green, 317 So.2d 392 (Miss. 1975); Westinghouse Credit Corp. v. Deposit Guaranty National Bank, 304 So.2d 636 (Miss. 1974). Here, it is clear from the appellant's brief that the court committed error in modifying the original decree when, at the same time, the appellee was found to be in contempt and, thus, not to be in court with clean hands. Taliaferro v. Ferguson, 205 Miss. 129, 38 So.2d 471 (1949).
The chancellor evidently was concerned about the situation in which the young girl, Jean Elizabeth Fortner, was living. This Court, just as the lower court, is concerned with what is for the best interest of the child. We are of the opinion that the judgment should be, and is, reversed and remanded to the lower court for determination as to whether or not appellant is presently a fit person to have the custody of said child, and whether or not her best interest requires that her custody be changed with subsequent change in the the amount of the weekly support.
REVERSED AND REMANDED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM and BOWLING, JJ., concur.
COFER, J., took no part.