458 So.2d 711 (1984)
Alex Jackie PEARSON
v.
Linda Ann PEARSON.
No. 54361.
Supreme Court of Mississippi.
September 26, 1984.
Rehearing Denied November 14, 1984.
*712 William Carl McGehee, Jr., Edwin E. Kerstine, Natchez, for appellant.
David W. Hall, Riley, Pintard & Hall, Natchez, for appellee.
Before WALKER, P.J., and BOWLING and PRATHER, JJ.
WALKER, Presiding Justice, for the Court:
Alex Pearson, appellant, filed a petition for a writ of habeas corpus in the Chancery Court of Wilkinson County, Mississippi, seeking to enforce his custody rights granted to him in a divorce decree entered in the District Court of Cameron County, Texas. The chancery court, after hearing evidence on the writ and cross-bill filed by appellee, Linda Pearson, denied appellant's writ and modified the Texas decree granting Linda custody of Walter Vincent Pearson, born May 5, 1977 and Jessica Lynn Pearson, born September 7, 1978. Aggrieved with the lower court's holding, the appellant has perfected an appeal before this Court.
Alex Jackie Pearson, a chief petty officer with the United States Coast Guard, and Linda were married on February 16, 1974. Of this union, the couple had two children, Walter and Jessica. Linda also had a daughter, Tanya, age ten at the time of trial, from a former marriage.
Mr. Pearson's position with the Coast Guard required the couple to relocate on several occasions during their marriage. While the couple was stationed in Brownsville, Texas, in December 1980, Linda abandoned her family including her child, Tanya, and began living with a man named Pat Brewer. Sometime after her relation ended with Brewer, she sought the company of *713 a man named Lonnie who lived with her until December of 1981, two months prior to trial.
Upon appellant's petition, the couple was divorced May 11, 1981 in the State of Texas. Mrs. Pearson waived service of process and entry of appearance at the hearing. Appellant was appointed as managing conservator[1] of the children and Linda was named possessory conservator[2] with reasonable rights of visitation. According to appellant, Linda did not seek modification of the divorce decree until the time of this trial.
Following the divorce, Alex cared for his two children as well as Tanya, who was not his child, until she was returned to Natchez, Mississippi, the home of her grandparents. Linda kept in contact with the children and Alex, and visited with them approximately seven times during the eight months following the divorce.
In November of 1981 Linda first learned that Alex would possibly be transferred from Port Arthur, Texas to Hawaii. In February of 1982 Alex notified Linda that his transfer plans were definite and invited her to visit the children. On February 6 Linda and Tanya visited with Alex and the children in Port Arthur. After depositing her suitcase in Alex's home, she asked permission to take the children shopping for some new clothes. Reluctantly, Alex consented to the shopping trip. Instead of taking the children shopping, Linda placed them in her car and drove them to her parents' home in Natchez, Mississippi, refusing to surrender them to the appellant.
The appellant thereafter employed counsel and filed his petition for writ of habeas corpus invoking his rights to custody of the children under the Texas divorce decree. Linda filed her cross-bill seeking custody of the children on the basis that there had been a material change in circumstances. A hearing was held and at the conclusion the chancellor modified the Texas decree with regard to custody and granted custody of both minor children to Linda.
In our opinion the chancellor erred for two reasons. First, after hearing the evidence with regard to the conduct of Linda in going to Texas, and in violation of the criminal laws of Texas and the divorce decree of the Texas courts, surreptitiously returning the children to Mississippi, the chancery court should have sua sponte dismissed the appellee's cross-bill seeking modification of the Texas decree as to the custody of the children. In Taliaferro v. Ferguson, 205 Miss. 129, 143, 38 So.2d 471, 473 (1949), we said:
A court of equity will never interfere and lend its aid to one whose own conduct in connection with the same transaction has been so unconscientious and unjust, and has so violated the principles of equity and righteous dealing which it is the purpose of the very jurisdiction of the court to sustain.
Jessica and Walter should have been returned to the appellant immediately absent any urgent circumstances which would necessitate a modification of the Texas decree. In this case there were none. The chancellor found appellant was and had been a good parent to the children and commended him for the manner in which he had taken care of them.
Second, the chancellor erred in his ruling that there had been a change in circumstances which would adversely affect the children. He based this on the fact that the appellant was being transferred to the State of Hawaii and that this would have the effect of depriving the appellee of her visitation rights as provided for under the Texas decree, inferring, without so stating, that this would adversely affect the children.
We are of the opinion and hold that where one spouse has custody of children under a divorce decree and their employment or livelihood requires that they move *714 or be transferred to another state of this nation, that this does not constitute a change in circumstances which would adversely affect the children, under ordinary conditions, even though it might cause a hardship on the other spouse with regard to existing visitation privileges.[3] The fact that Hawaii or Alaska happens to be the state of transfer is of no consequence. See Cheek v. Ricker, 431 So.2d 1139 (Miss. 1983); Brocato v. Walker, 220 So.2d 340 (Miss. 1969).
The judgment of the lower court is reversed and the appellee, Linda Ann Pearson, shall forthwith make the children, Walter Vincent Pearson and Jessica Lynn Pearson, available to the appellant, Alex Jackie Pearson, and the lower court shall enforce this order with all of its authority.
REVERSED AND RENDERED.
ROY NOBLE LEE, P.J., and BOWLING, HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
PATTERSON, C.J., not participating.
NOTES
[1] Parent who retains primary custody of a child. Tex. [Fam.] Code Ann. § 14.02 (Vernon 1974).
[2] Parent who has limited possession of or access to a child as designated by court decree. Tex. [Fam.] Code Ann. § 14.04 (Vernon 1975).
[3] The Uniform Child Custody Jurisdiction Act, Mississippi Code Annotated sections 93-23-1 through 93-23-47, effective July 1, 1982, in part addresses the court's role in exercising its jurisdiction over a foreign custody decree wherein a non-custodial parent improperly removes a child from a parent having custody or improperly removes a child from a parent having custody or improperly retains a child after a visit or temporary relinquishment of physical custody.