I.
R.T., appeals a youth court adjudication that he is a delinquent child following which he was committed to Oakley Training School. Though insufficient as a matter of law to establish the underlying offense of attempted rape, the evidence supports an adjudication that R.T. committed a simple assault. We affirm in part and reverse in part and remand.
 II.
R.T. was born on September 19, 1968. On June 18, 1985, a petition was filed in the Youth Court of Tishomingo County charging that R.T. was a delinquent child in that
 he did on or about the 31st day of May, 1985, in this County and State commit an assault upon [R.E.] with a knife and attempt *Page 137 
forcibly and against her will to rape, ravish and carnally know the said [R.E.], but he, the said R.T. failed in the commission of said offense.
The statute or statutes upon which the charges were based were not identified.[1]
The evidence need only be summarized. On Friday afternoon, May 31, 1985, R.T. accosted one R.E. at her home in the middle of the afternoon. He had a medium-sized pocket knife. R.T. forcibly took R.E. behind a woodpile in the backyard, and pushed her to the ground. When R.E. resisted, R.T. told her he was going to tie her arms behind her back with his shirt, but he didn't.
 I kept saying all the time that I wouldn't say anything if he'd just leave me alone. And he finally, he just quit. He sat up and just quit and put the knife right beside him on the ground. And he said he didn't know why he was doing this, that he had problems. And I told him, . . . if you'll work his [sic] problems out, I wouldn't say anything . . . He finally just got up and got the knife and took off.
Assuming R.T. at one point had the proverbial gleam in the eye, he plucked it in time. Without contradiction, R.T. voluntarily stopped short. Neither did R.E.'s resistance prevent her rape, nor was there any independent intervening cause. The facts are not such that the Youth Court could have found beyond a reasonable doubt that R.T. was guilty of attempted rape, an offense defined in this state by a combined reading of Miss. Code Ann. §§ 97-3-65(2) and 97-1-7 (Supp. 1987). See generallyClemons v. State, 470 So.2d 653 (Miss. 1985); Harden v. State,465 So.2d 321, 323-26 (Miss. 1985); West v. State,437 So.2d 1212, 1214 (Miss. 1983); In Interest of M.R.L., 488 So.2d 788, 791 (Miss. 1986).
This is not to say that R.T. committed no criminal act. The evidence establishes rather convincingly that R.T. on May 31, 1985, committed a simple assault upon R.E. See Miss. Code Ann. § 97-3-7(1) (Supp. 1987). In this setting simple assault is a lesser-included offense to the charge of attempted rape.Armstead v. State, 503 So.2d 281, 285-86 (Miss. 1987).
Under the circumstances, so much of the adjudication below as is predicated upon a finding that R.T. committed the offense of attempted rape is reversed and rendered. On the other hand, the Youth Court necessarily found all of those ultimate facts sufficient to undergird an adjudication that R.T. was guilty of simple assault. We convert the adjudication into one that R.T. is guilty of simple assault. See Craig v. State, 520 So.2d 487, 493 (Miss. 1988); Murray v. State, 403 So.2d 149, 152-53 (Miss. 1981).
In a sense, we nevertheless affirm the adjudication phase of the proceedings below. R.T. has been adjudged a delinquent child. A delinquent child is one who has reached his tenth birthday and who has committed a delinquent act. Miss. Code Ann. §43-21-105(i) (Supp. 1987). A delinquent act is any act which, if committed by an adult, is a crime under state or federal law, excluding certain offenses not relevant here. Miss. Code Ann. §43-21-105(j) (Supp. 1987). Simple assault under Section 97-3-7(1) is a delinquent act within Section 43-21-105(j). Yet as we have found and affirmed R.T.'s guilt of a legally lesser delinquent act different from that found by the Youth Court, we vacate the dispositional *Page 138 
order and remand this case to the Youth Court for further proceedings not inconsistent with this opinion.
 III.
There is another matter deserving comment. We refer to representation of the State's prosecutorial interest on this appeal. We say this in the context of the fact that the State of Mississippi as Appellee has not favored us with a brief.
The Court's docket reflects that the State's brief was due on September 4, 1986. The Tishomingo County prosecutor received an extension of time until October 3, 1986. On November 4, 1986, he advised the Clerk that he understood that R.T. was going to move to dismiss the appeal as moot. On December 12, 1986, R.T. advised the Clerk that he would not dismiss the appeal. On December 9, 1987, the Tishomingo County prosecutor notified the Clerk that the State did not desire or intend to file a brief unless required or desired by the Court.
Whether the office that ought represent the State's prosecutorial interest in youth court appeals is that of the county youth court prosecutor, the Attorney General of the State of Mississippi or whoever is not this Court's concern. Yet somebody must assume this responsibility. We consider youth court cases of the utmost seriousness and, in order that we may properly discharge our judicial function, we must have the aid and assistance of diligent and competent counsel for both the prosecution and the defense.
Our policy in civil litigation where appellee files no brief is well known. We treat the failure to file a brief as a confession of error unless from the face of the appeal there manifestly is none. See Dethlefs v. Beau Maison Development Corp.,458 So.2d 714, 717 (Miss. 1984); Pearson v. Fortner, 386 So.2d 205, 206 (Miss. 1980).
We will not belabor the point. A word to the wise should be sufficient.
ADJUDICATION OF DELINQUENCY AFFIRMED AS MODIFIED; DISPOSITIONAL ORDER VACATED AND CASE REMANDED TO YOUTH COURT.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.
DAN M. LEE, P.J., dissents.
[1] Miss. Code Ann. § 43-21-455(1)(d), governing youth court proceedings, states:
 (1) the petition shall set forth plainly and concisely with particularity:
 (d) in petitions alleging delinquency, a citation of the statute or ordinance which the child is alleged to have violated. Error in or omission of the citation shall not be grounds for dismissing the petition or for reversal of the adjudication based thereon if the error or omission did not mislead the child to his prejudice.
The fact that the instant youth court petition failed to state the statute or ordinance R.T. is said to have violated is not fatal, for we find without serious doubt that R.T. and his attorney were well aware of the nature of the charges. On the other hand, we strongly urge youth court prosecutors and youth courts to take seriously the statutory directive and include in their petitions "a citation of the statute or ordinance which the child is alleged to have violated."