815 So.2d 466 (2002)
Ronald Austin "Bubba" THOMPSON, Appellant,
v.
Pamela Marie THOMPSON, Appellee.
No. 2001-CA-00410-COA.
Court of Appeals of Mississippi.
April 23, 2002.
*467 Duncan L. Lott, Booneville, attorney for appellant.
Pamela Marie Thompson, Pro Se.
Before McMILLIN, C.J., LEE, and BRANTLEY, JJ.
BRANTLEY, J., for the court.
¶ 1. Ronald and Pamela Thompson were granted a divorce based on irreconcilable differences by the Pontotoc County Chancery Court. The chancellor determined the division of the marital property and awarded no alimony to Pamela. Ronald filed a motion to amend the chancellor's decision or make additional findings of facts. From the denial of this motion, Ronald appeals. He argues that the chancellor should have granted the motion and that the chancellor erred in the division of property. Finding no error, we affirm.

FACTS
¶ 2. Ronald and Pamela were married on August 28, 1993. No children were born to *468 Ronald and Pamela during their marriage. They separated in March 2000. Pamela filed for divorce on the grounds of habitual cruel and inhuman treatment, adultery, and habitual drunkenness. A hearing was held on November 14, 2000. However, on December 4, 2000, both parties entered a consent agreement for a divorce on the ground of irreconcilable difference. Unable to agree as to the division of marital property, they consented to permit the chancellor to resolve the property issues.
¶ 3. A judgment granting a divorce on the ground of irreconcilable differences was entered on January 10, 2001. The chancellor found that at the time of their separation, Ronald withdrew $16,000 from their joint checking account that included $10,000 from a personal injury settlement received by Pamela, retirement funds received by Pamela, and their joint tax return. Ronald was ordered to pay Pamela $8,000. The chancellor stated that he recognized that the award was less than the amount of her settlement, but that he would allow for that in the division of the balance of the marital property.
¶ 4. The chancellor found that two tracts of timber land, one titled to both parties and one titled to Ronald only, were acquired during the marriage. He ordered the tracts to be sold and the proceeds of the sale to be divided equally between Ronald and Pamela. Pamela was awarded the furniture, fixtures and appliances in or about the marital home. In addition, both parties were each awarded a vehicle along with any indebtedness owed on the vehicles.
¶ 5. The chancellor awarded Pamela the right to purchase Ronald's interest in the marital home for $25,000. From this money, Ronald must satisfy the indebtedness on the marital home. If Pamela was unable or unwilling to purchase the home, then the home was ordered to be sold. The first $25,000 from the proceeds of the sale would be awarded to Ronald; however, he would have to satisfy the debt on the home. Any proceeds remaining were ordered to be divided equally between Ronald and Pamela. No alimony was awarded.

DISCUSSION OF THE ISSUES

STANDARD OF REVIEW
¶ 6. Pamela did not file a brief in this appeal. "We treat the failure to file a brief as a confession of error unless from the face of the appeal there manifestly is none." In the Interest of R.T., 520 So.2d 136, 138 (Miss.1988). Our review in domestic relations matters is extremely limited. We "will not disturb the findings of a chancellor unless the chancellor was manifestly wrong, clearly erroneous or an erroneous legal standard was applied." Sandlin v. Sandlin, 699 So.2d 1198, 1203 (Miss. 1997) (citations omitted). The findings of the chancellor will not be disturbed if they are supported by credible evidence and are not manifestly wrong. Id.

I. WHETHER THE TRIAL COURT ERRED IN FAILING TO GRANT RONALD'S MOTION TO AMEND THE JUDGMENT, TO MAKE ADDITIONAL FINDINGS OF FACT OR FOR A NEW TRIAL.
¶ 7. Ronald argues that the chancellor erred in failing to support the court's order with findings of fact and conclusions of law as dictated under the Ferguson factors. Ferguson v. Ferguson, 639 So.2d 921, 928 (Miss.1994). The chancellor is not required to address each and every factor. Weathersby v. Weathersby, 693 So.2d 1348, 1354 (Miss.1997). Only those factors applicable to the division of marital property must be considered. Id. In Ferguson, the court instructed chancellors to support their orders with findings of fact and conclusions of law in order for their decisions *469 to be reviewed on appeal. MacDonald v. MacDonald, 698 So.2d 1079(¶ 17) (Miss. 1997).
¶ 8. After reviewing the chancellor's eight page order, this Court finds that the chancellor did address the Ferguson factors applicable to the marital property at issue. He considered the contribution of each party toward the accumulation of marital property in addition to the degree to which each spouse spent their marital assets. He also eliminated the need for periodic support through his division of the property. We cannot find that the chancellor failed to support his order with findings of fact and conclusions of law. He set forth the division of property and the reasoning behind each division. Therefore, this assignment of error is without merit.

II. WHETHER THE CHANCELLOR ERRED IN FAILING TO CONSIDER RONALD'S CONTRIBUTION TO THE PURCHASE AND RENOVATIONS OF THE MARITAL HOME FROM THE SALE OF HIS PREMARITAL HOME.
¶ 9. Ronald argues that the chancellor failed to consider the fact that he used the proceeds from the sale of his premarital home to purchase their marital home. For the first three years of marriage, Ronald and Pamela lived in a home owned by Ronald that he had purchased prior to the marriage. Ronald sold his home, placing the proceeds of the sale into a Certificate of Deposit. In October 1996, they purchased a new home by borrowing $25,000. Ronald testified that he invested approximately $20,000 from the sale of his previous home to renovate the new marital home.
¶ 10. He later cashed in the Certificate of Deposit to pay off the $25,000 note on the home. However, they took a second loan against the home for $25,000. Ronald used this money to pay off various vehicles. In addition, he sold other marital property, including a boat, truck and four-wheeler and kept the proceeds of these sales.
¶ 11. The chancellor awarded Pamela the right to purchase Ronald's interest in the marital home or to sell the home. In either event, the chancellor ordered Ronald to be responsible for the remaining indebtedness on the marital home. He then found that because Ronald would be responsible for the indebtedness, the chancellor would not award any alimony to Pamela. In addition, the chancellor stated that Ronald had recouped his initial $25,000 investment in the home when he used the proceeds from the second loan on the home and kept the proceeds from the sale of the various marital assets.
¶ 12. Under the holding in Ferguson, the chancellor may consider the economic contributions in determining the division of marital property. Ferguson, 639 So.2d at 928. However, he may also consider the degree to which a spouse expended marital assets. Id. Also, the chancellor may consider a possible division of the property that would eliminate the necessity of periodic support payments. Id. Here, the chancellor considered each of these factors including their earning capacity. Therefore, we cannot find that the chancellor abused his discretion in determining the allocation of the marital home and the remaining balance due on the indebtedness owed against the home.

III. WHETHER THE CHANCELLOR ERRED IN AWARDING PAMELA ONE HALF INTEREST IN THE TIMBER LAND TITLED SOLELY IN THE NAME OF RONALD.
¶ 13. Ronald argues that the chancellor erred in awarding Pamela a one-half interest in a twenty-eight acre parcel of timber land. During their marriage Ronald and Pamela purchased two parcels of land. One *470 parcel was titled in both their names. However, one parcel, the twenty-eight acres, was titled solely in Ronald's name. The chancellor awarded Pamela a one-half interest in both parcels.
¶ 14. Ronald testified that he borrowed the money to purchase the twenty-eight acres from his father. Then he sold some stock he owned and reimbursed his father for the loan. He also testified that some stock was purchased prior to the marriage. However, he also stated that he purchased the rest of the stock after the marriage from the joint checking account. Pamela's testimony corroborated Ronald's testimony regarding the purchase of the twenty-eight acres and the stock. Both parcels of timber land were purchased by a check from their joint checking account.
¶ 15. In order to divide the marital assets, the chancery court must first determine which assets are marital and which assets are non-marital. Johnson v. Johnson, 650 So.2d 1281, 1287 (Miss.1994). Marital property is "any and all property acquired or accumulated during the marriage." Hemsley v. Hemsley, 639 So.2d 909, 915 (Miss.1994). "Assets acquired or accumulated during the course of the marriage are subject to equitable division unless it can be shown by proof that such assets are attributable to one of the parties' separate estates prior to the marriage or outside the marriage." Id. at 914. The Mississippi Supreme Court has held that when non-marital property is commingled with marital property the property can lose its characterization as such and become marital property subject to equitable distribution unless there is evidence to an agreement to the contrary. See Johnson v. Johnson, 650 So.2d 1281, 1286 (Miss.1994); Heigle v. Heigle, 654 So.2d 895, 897 (Miss. 1995). Additionally, title to property is not relevant in determining whether it is a marital or separate asset. Draper v. Draper, 627 So.2d 302, 305 (Miss.1993).
¶ 16. In Heigle, the Mississippi Supreme Court found that non-marital assets may be converted to marital assets if they are commingled with marital assets or used for familial purposes. Heigle, 654 So.2d at 897. Here, money from the Thompson's joint checking account was used to purchase both parcels of timber land. Even though Ronald testified, and Pamela agreed, that he sold his stock in order to reimburse his father for the money lent to purchase the property, the money used was from a joint account. In addition, Ronald purchased some stock during the marriage from the joint checking account. The proceeds from the sale of the stock were placed in the joint account that was used to pay other family expenses and in which both Pamela and Ronald deposited money. Consequently, these funds lost their status as non-marital property, were converted to marital property, and was subject to equitable division. Id. Therefore, the two parcels of timber land which were purchased with these commingled funds were marital property subject to equitable distribution. Additionally, there was no evidence presented of an agreement between the Thompsons that this parcel would be Ronald's separate property. We find that the chancellor did not err in determining that both parcels of timber land were marital assets and awarding Pamela one-half interest in both parcels.
¶ 17. THE JUDGMENT OF THE PONTOTOC COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.