THOMAS, J.,
for the court.
¶ 1. Barry Artz and Shannon Artz received a final order granting a divorce in the Chancery Court of Lowndes County. The parties agreed to the divorce on the grounds of irreconcilable differences. In the final order the chancellor ordered a property distribution in which Shannon received monies which Barry claim were non-marital assets. Aggrieved he asserts the following:
I. IT WAS ERROR FOR THE TRIAL COURT TO AWARD SHANNON ARTZ $33,000 OUT OF THE $100,000 WHICH WAS NON MARITAL PROPERTY OF BARRY ARTZ.
FACTS
¶ 2. Shannon Artz and Barry Artz separated in June of 2000. Subsequently, both parties filed for divorce on the grounds of irreconcilable differences. They submitted the issues of custody of the child, child support, and property distribution to the court. The chancellor issued an opinion on May 23, 2001, which is the basis for this appeal.
*899 ¶3. The chancellor determined some cash assets to be marital property and distributed these assets accordingly. The assets in question derived from a gift from Barry’s grandmother and aunt which was deposited into a joint account from which marital expenses were paid. At trial Barry stated that he was free to use the money for what he chose.
I. WAS IT ERROR FOR THE TRIAL COURT TO AWARD SHANNON ARTZ $83,000 OUT OF THE $100,000 WHICH WAS NON-MARITAL PROPERTY OF BARRY ARTZ?
¶ 4. Barry asserts that the money, given to him as a gift from his grandmother and aunt, should have been classified as separate property. He asserts this even though the funds were placed in a joint account used for marital expenses.
¶ 5. This Court will not disturb the findings of a chancellor unless the chancellor was manifestly wrong, clearly erroneous, or an erroneous legal standard was applied. Turpin v. Turpin, 699 So.2d 560, 564 (Miss.1997). In a determination of the division of marital property, both spouses’ contributions during the marriage should be thoroughly evaluated by the chancellor. Chamblee v. Chamblee, 637 So.2d 850, 865 (Miss.1994). In order to divide the marital assets, the chancery court must first determine which assets are marital and which assets are non-marital. Johnson v. Johnson, 650 So.2d 1281, 1287 (Miss.1994). Marital property is “any and all property acquired or accumulated during the marriage.” Hemsley v. Hemsley, 639 So.2d 909, 915 (Miss.1994). “Assets acquired or accumulated during the course of the marriage are subject to equitable division unless it can be shown by proof that such assets are attributable to one of the parties’ separate estates prior to the marriage or outside the marriage.” Id. at 914. The Mississippi Supreme Court has held that when non-marital property is commingled with marital property the property can lose its characterization as such and become marital property subject to equitable distribution unless there is evidence of an agreement to the contrary. See Heigle v. Heigle, 654 So.2d 895, 897 (Miss.1995); Johnson v. Johnson, 650 So.2d 1281, 1286 (Miss.1994). Thompson v. Thompson, 815 So.2d 466, 470(¶ 15) (Miss.Ct.App.2002).
¶ 6. The funds given to Barry may have been intended to be separate but they were deposited in the joint account and used for marital purposes, thus converting non-marital to marital property. Traxler v. Traxler, 730 So.2d 1098, 1103(¶25) (Miss.1998); Johnson, 650 So.2d at 1286 (Miss.1994). The determination by the chancellor was within that court’s sound discretion and the correct legal standard was applied. This issue is without merit.
¶ 7. THE JUDGMENT OF THE LOWNDES COUNTY CHANCERY COURT IS AFFIRMED. STATUTORY DAMAGES AND INTEREST ARE AWARDED. ALL COSTS OF THIS APPEAL ARE ASSESSED AGAINST THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, MYERS, CHANDLER and GRIFFIS, JJ., concur. IRVING, J., dissents without separate written opinion.