371 So.2d 861 (1979)
Lorene Hood COLE
v.
Freddy Wayne HOOD.
No. 51185.
Supreme Court of Mississippi.
June 6, 1979.
*862 Stanley G. Cole, Tupelo, for appellant.
Parker, Averill & Butts, Roy O. Parker, Tupelo, for appellee.
Before ROBERTSON, WALKER and LEE, JJ.
WALKER, Justice, for the Court:
This is an appeal from the Chancery Court of Lee County, Mississippi, where the chancellor refused to hold the appellee, Freddy Wayne Hood, in contempt of court for failure to pay child support allegedly in arrears and refusing to enter a decree in favor of appellant, Lorene Hood Cole, for $15,140, the sum allegedly past due.
The record reveals that Lorene Hood Cole and Freddy Wayne Hood were divorced by decree of the Chancery Court of Lee County on July 6, 1967. The final decree awarded the care, custody and control of the two minor children of the marriage, Shelia Hood, age five and one-half years and Frederick Hood, age one and one-half years, to the appellant, Lorene Hood Cole. The decree also provided that Freddy Wayne Hood was to have reasonable visitation rights at all times and was to have Shelia Hood with him during each summer for two months beginning June 1 through August 1. He was also to have his son, Frederick Hood, visit with him for two months in the summer when the child reached the age of four years, beginning June 1 through August 1 of each year. The decree further provided that Freddy Wayne Hood was to pay to Lorene Hood the sum of $30.00 per week as child support, except when he had the children with him during the summer months.
At the conclusion of the hearing on the petition for contempt, the chancellor stated in his opinion:
Under the facts of this case, which are unusual, it appears that there was a period from May, 1969, until August, 1977 that the father of these children had no rights of visitation whatever, and during this time he was completely deprived of visitation privileges.
The record shows that he made numerous, numerous attempts to locate these children and to visit with them and provide for them. The conduct on the part of the mother of these children, shows that she willfully and deliberty [sic] concealed these children from him, her reason being that she was afraid of him... . The record shows quite clearly *863 that the delay on the part of Mrs. Cole to bring this suit, and to hide these children has resulted in injury, embarrassment, and disadvantage to Mr. Hood.
The chancellor further found that after the Hoods were divorced in 1967, that they nevertheless lived together off and on for a period of time, and that from the date of the divorce in 1967 until May 19, 1969, Freddy Wayne Hood, from time to time, had custody of the children. In fact, the record reveals that he had custody of them by mutual consent from December 7, 1968 until May 19, 1969, at which time Mrs. Lorene Hood Cole entered into a preconceived plan with her present husband, Stanley Cole, in which she came to Tupelo, leading Freddy Wayne Hood to believe she had obtained a divorce. After "having obtained the confidence of Wayne Hood," Mrs. Lorene Hood Cole took the children, on the pretense of taking them to Sunday School. According to her, after Sunday School she parked Mr. Hood's car at a local school where she was picked up by her present husband and they left with the children. Mr. Hood did not see his children again until August 1977, eight years later. The appellant's husband, Stanley Cole, admitted on cross-examination that he and Mrs. Cole had purposely concealed the children from their father. The record also discloses that the children had been reared under the name of "Cole" rather than "Hood"  further alienating them from their father.
There is substantial evidence in the record that from May 19, 1969 until August 1977, the appellant and her present husband contumaciously, willfully and through deliberate design concealed the children from their father, Freddy Wayne Hood, for the purpose of preventing him from exercising his rights under the divorce decree to visit his children at all reasonable times and to have their custody for two months during the summer of each year; that there were no extenuating circumstances to justify such action; that Freddy Wayne Hood made numerous and repeated efforts to locate his children but was prevented from doing so by the Coles who moved from place-to-place throughout the country secreting their address from him; and that since locating the Coles and his children in Oxford, Mississippi, in August 1977, he has exercised his visitation rights and at the time of the hearing was current with all child support payments which came due after August 1977.
Almost immediately after Freddy Wayne Hood discovered the whereabouts of his children, the appellant, Lorene Hood Cole, made demand upon him for child support payments allegedly amounting to $15,140.
The lower court dismissed Lorene Hood Cole's petition for citation for contempt and for money judgment on the grounds that the petitioner was guilty of laches and in violation of other equitable principles with which the court was familiar. In their briefs, appellant and appellee have cited numerous cases and offered much argument as to why laches should or should not be applicable. However, we do not reach the question of whether laches is applicable since this case is controlled by the age-old maxim that "He who comes into equity must come with clean hands." In discussing that maxim in Griffith, Mississippi Chancery Practice, section 42 (2d ed. 1950), it is said:
§ 42. He who comes into equity must come with clean hands.  It is the meaning and purpose of this maxim to declare that no person as a complaining party can have the aid of a court of equity when his conduct with respect to the transaction in question has been characterized by wilful inequity, or illegality. It does not exclude a party because in some other matter his conduct may have been reprehensible; it refers only to the subject matter of the particular suit in hand. The wrongful conduct which will bar the complainant need not be so gross as to be a crime punishable as such, nor so positive as within itself to form the basis of a legal action. It may be described as such wilful misconduct, inequity or fraud with respect to the immediate transaction as would be condemned and pronounced wrongful by honest and fair-minded men. *864 It is not necessary that it be pleaded by the defendant,  although it will require a plainer case if it is not so pleaded,  for if at any time during the progress of the case it becomes evident that the facts exist which call the maxim into use, it is the duty of the court to apply it, on the basis of a sound public policy. Courts of equity do not countenance iniquity nor give it sanctuary, and to do so will not be forced upon the court because the defendant fails to raise the question.
See also Taliaferro v. Ferguson, 205 Miss. 129, 38 So.2d 471 (1949) and Vockroth v. Vockroth, 200 So.2d 459 (Miss. 1967).
The conduct of Mrs. Cole fits squarely within the principle stated above.[1] By willfully hiding the children for a period of eight years and keeping secret her address, she effectively prevented the children's father, Freddy Wayne Hood, from not only seeing his children and exercising his rights of visitation and custody as provided by the decree, but she also prevented him from sending the monthly child support payments as they came due. Such willful misconduct is to be condemned as wrongful by honest and fair-minded men. Courts of equity do not countenance inequity nor give it sanctuary and the lower court was eminently correct in not holding Freddy Wayne Hood in contempt and in not granting a money judgment against him. A court of equity will not lend its aid to enforce such an unjust and inequitable claim brought about by the willful misconduct of the complaining party.
The children have been well cared for during the period of time in question at the expense of the Coles, who by their own willful misconduct, elected to have it that way. By her conduct, Mrs. Cole waived her right to reimbursement for the child support payments as each payment came due.
The judgment of the lower court dismissing the petition of Lorene Hood Cole is therefore affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE and COFER, JJ., concur.
BOWLING, J., took no part.
NOTES
[1] The maxim as to "clean hands" is applicable to subjects within the jurisdiction of the chancery court other than those strictly in equity. Griffith, Mississippi Chancery Practice, § 42a (2d ed. 1950); Vockroth v. Vockroth, 200 So.2d 459 (Miss. 1967); Teliaferro v. Ferguson, 205 Miss. 129, 38 So.2d 471 (1949).