MYERS, J.,
for the Court:
¶ 1. In 1986 Linda Kaye Abel White sued her ex-husband, Larry Lamar Abel, for back child support for her minor daughter, Tonya Able.[1] She was successful and Larry was ordered to pay an arrear-age of $24,000. In 1997, Linda again sued for back child support. At the time of the hearing Tonya was twenty-six years old. The chancellor, Honorable J.N. Randall, held that, based on her affidavit, Tonya was emancipated as of 1990 and the suit was untimely per the applicable statute of limitations. Linda raised the following issue as the basis for her appeal.
1. Whether the lower court erred by admitting into evidence the affidavit of minor, Tonya Able, which the court relied upon in holding that the minor was emancipated at age seventeen and the statute of limitations had run on this action.
We find that the appellant’s argument is without merit and therefore affirm the ruling of the chancellor.
FACTS
¶2. In his decision, the chancellor discussed his struggle with the evidence presented. He stated that after listening to the witnesses, observing their demeanor and repeatedly reviewing the documentary evidence presented, he found neither party’s testimony was wholly credible. He cites to Larry’s presentation of checks totaling nearly $7,000 as evidence of his payment of support. However, only thirteen of the checks have been processed by a banking institution and several of the endorsements on the unprocessed checks are suspect. Also, the numerical sequence of the checks in question is illogical.
¶ 3. Linda claims she has not received any of the proceeds from these checks, not even the ones processed by a bank. She also denies receiving a check that was co-endorsed by her attorney. She denies the claim that Department of Human Services ever collected payments on her behalf. However, Hinds County DHS submitted an affidavit with the total of $4,200 as being collected by them from 1987 through 1991.
STANDARD OF REVIEW
¶ 4. In reviewing a chancellor’s findings in a domestic matter, this Court has limited discretion. “This Court will not disturb the findings of a chancellor unless the chancellor was manifestly wrong, clearly erroneous or an erroneous legal standard was applied.” Sandlin v. Sandlin, 699 So.2d 1198, 1203 (Miss.1997) (quoting Ferguson v. Ferguson, 639 So.2d 921, 930 (Miss.1994)). “We will not reverse a chancellor’s findings of fact where they are supported by substantial evidence in the record.” Weigand v. Houghton, 730 So.2d 581, 585 (¶ 14) (Miss.1999). Courts of review are not to undermine trial court authority by replacing the judgment with its own. Mullins v. Ratcliff, 515 So.2d 1183, 1189 (Miss.1987).
DISCUSSION
¶ 5. The chancellor must determine the credibility of witnesses and what weight ought to be ascribed to evidence *101 given by those witnesses; when conflicting testimony on the same issue is presented, the chancellor sitting as trier of fact must determine which version he finds more credible. Madden v. Rhodes, 626 So.2d 608, 618 (Miss.1993). A witness’ testimony should be evaluated by four factors as the appellant suggests. The appellant properly offers three: perception, memory, and sincerity. However, the appellant is quite mistaken in her understanding of the other factor. Narration is the fourth factor. Variation, as offered by the appellant to be the fourth factor, would clearly contradict the intention of measuring one’s veracity as a witness. To properly consider the testimony of a witness, he should testify under oath, in the presence of the trier of fact and be subjected to cross-examination.
¶ 6. Linda objected to the introduction of Tonya’s affidavit on the grounds that the affidavit was hearsay.[2] Even though there was great discussion on the matter, a determination by this Court is unnecessary because counsel for the appellant withdrew the objection to the affidavit. Tonya was never called to testify in person and no post-trial motions were made further objecting to the affidavit’s admission into evidence. Thus, this issue was not properly preserved for appeal. The chancellor was correct in allowing this piece of information into evidence and using it to make his decision.
¶ 7. The date of Tonya Abie’s emancipation is at the center of this dispute. Tonya and Larry aver that she was fully emancipated as of 1990, the year she dropped out of high school. Linda says that Tonya did drop out of school in 1990, but continued to live with her mother until she obtained her GED in 1991. The court found that the child was emancipated in 1990 based on the affidavit submitted by Larry at the hearing. Tonya was not called to testify as a witness for either side. Tonya did not join her mother in this litigation.
¶ 8. According to our statutes, emancipation of a child occurs thus eliminating any further support obligations when the child:
(a) Attains the age of twenty-one years,
(b) Marries, or
(c) Discontinues full-time enrollment in school and obtains full-time employment prior to attaining the age of twenty-one (21) years, or
(d) Voluntarily moves from the home of the custodial parent or guardian, and establishes independent living arrangements and obtains full-time employment prior to attaining the age of twenty-one (21) years.
Miss.Code Ann. § 93-5-23 (Supp.2000).
¶ 9. Tonya Able was emancipated by operation of law when she quit school full-time and then moved out of her mother’s home. The dates of these occurrences were not successfully disputed by any of the evidence presented to the court. The chancellor was faced with a mother who could not verify the date of her child’s birth, when the child dropped out of high school, received her GED, nor when she moved from the home. Linda’s proposed date of emancipation was some time in 1991. She was unsure of the date. The chancellor weighed the testimony of the two parties and decided that Tonya was emancipated in 1990. In her affidavit, Tonya waived all her rights and claims to any back child support that may have been owed to her by her father.
*102 ¶ 10. Tonya could have sought child support individually or in the same litigation with her mother.
That the child has been emancipated does not pretermit recovery of vested but unpaid child support. Either the child or the former custodial parent may bring an action against the defaulting parent, see Premeaux v. Smith, 569 So.2d 681 (Miss.1990), although the latter receives any recovery in his/her continuing fiduciary capacity subject to all of the duties and strictures thereof, citations omitted. If by reason of the supporting parent’s default, the custodial parent is forced to dip into her own resources beyond what would otherwise be expected of her, she may recover and. retain amounts so proved, ... subject to equitable adjustment should the child’s prior needs so suggest.
Varner v. Varner, 588 So.2d 428, 433 (Miss.1991)
¶ 11. There was no credible evidence submitted by Linda that she was forced to pay “beyond what would otherwise be expected of her.... ” Id. Her claim is secondary and contingent upon her proving the amounts spent in excess of what was expected.
¶ 12. Mississippi Code Annotated § 15-1-43 (Rev.1995) provides limitations applicable to actions founded on domestic judgments or decrees.
All actions founded on any judgment or decree rendered by any court of record in this state, shall be brought within seven years next after the rendition of such judgment or decree; and not after, and an execution shall not issue on any judgment or decree after seven years from the date of the judgment or decree.
Miss.Code Ann. § 15-1-43 (Rev.1995). Linda is restrained from recovering back child support because she let the statute of limitations expire. Even if Tonya had been emancipated in 1991, Linda would only have been able to recover her equitable portion of the unpaid 1991 payments.
¶ 13. In addition, Miss.Code Ann. § 15-1-59 (Rev.1995) provides saving in favor of persons under disabilities.
If any person entitled to bring any of the personal actions mentioned shall, at the time at which the cause of action accrued, be under the disability of infancy or unsoundness of mind, he may bring the actions within the times in this chapter respectively limited, after his disability shall be removed as provided by law. However, the saving in favor of persons under disability of unsoundness of mind shall never extend longer than twenty-one years.
If Tonya was emancipated at the time she states in her affidavit signed under oath, then even if she had not waived her claim on the arrearage, her time has run under this statute.
CONCLUSION
¶ 14. We are limited in our review of a chancellor’s decision. Upon review of this case, it is clear that Chancellor Randall carefully and deliberately considered all of the information supplied to him by either side. Linda objected to the affidavit of her child being admitted into evidence. When pressed further, the objection was withdrawn. Linda still had the opportunity to call her daughter as a witness. She chose not to do so because the affidavit is a clear indication as to what her daughter would have testified.
¶ 15. Judge Randall found neither side to be credible and the evidence of child support arrearage presented in this case was at best vague and indefinite. He found that Linda was not a true party in interest and that she had a right to her emancipated child’s unpaid support only as *103 a conduit for the child. The emancipated child, the true party at interest, denied the arrearage and waived her rights to any arrearage. In any case, had any right to recovery been proven, the relief would have been time barred by the applicable statute of limitations.
¶ 16. The court’s ruling that Linda’s standing to sue for arrearage is only that as a conduit, as a trustee or representative for her daughter’s rights, is right on target as it parallels existing case law.
The custodial parent has a duty to care for the children so far as that parent is able to do so, but where court ordered support is involved from the non-custodial parent, the custodial parent is not a real party in interest sufficient to bar the child’s recovery of past-due support payments. The custodial parent is merely the conduit through which the support money passes for the benefit of the children.
Wilson v. Wilson, 464 So.2d 496, 499 (Miss.1985)
¶ 17. Therefore, we affirm the ruling of the chancellor.
¶ 18. THE JUDGMENT OF THE CHANCERY COURT OF HARRISON COUNTY IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., BRIDGES, THOMAS, LEE AND CHANDLER, JJ., CONCUR. IRVING, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KING AND SOUTHWICK, P.JJ. BRANTLEY, J., NOT PARTICIPATING.

. The names of the parties involved are all spelled differently in their respective briefs. The appellant spells her name Linda Kaye Abel White, while the appellee spells Kay without the “e”. Tonya's name is spelled by both parlies to be “Able” as opposed to reflecting the parents' last name of "Abel.”

. Rule 801(c) the Mississippi Rules o( Evidence provides that "hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.”