822 So.2d 1119 (2002)
Antra BROWN, Appellant,
v.
Eula Jean BROWN, Appellee.
No. 2000-CA-00890-COA.
Court of Appeals of Mississippi.
July 16, 2002.
*1120 John Edward Jackson, Attorney for Appellant.
R. Conner McAllister, Jackson, Attorney for Appellee.
Before SOUTHWICK, P.J., THOMAS, and IRVING, JJ.
SOUTHWICK, P.J., for the court.
¶ 1. The parties were divorced in 1979. The father was to provide monthly support for his two minor children but made only two payments over the next twenty years. In a suit brought after the children were adults, the chancellor awarded over fifty thousand dollars to the mother. On appeal the father argues that the claim was barred for a variety of equitable and legal reasons. We find that the claim based on support of the older child was barred by the statute of limitations, but the younger child's claim remained viable. We remand for further proceedings.

FACTS
¶ 2. On July 11, 1979, Antra Brown was granted a divorce from Eula Jean Brown based on desertion. In the divorce decree, Mr. Brown was ordered to pay $125 a month for the support of their two minor children; he also received visitation rights. Shortly after the divorce, Mrs. Brown and her two children left Mississippi and over the span of twenty years lived in several different states.
¶ 3. On February 25, 2000, Mrs. Brown filed a motion for contempt alleging that Mr. Brown had failed to pay any child support since the 1979 decree. She claimed an arrearage of $54,947.66. At trial Mr. Brown admitted the accuracy of the arrearage but testified that Mrs. Brown deliberately concealed the whereabouts of his children in an effort to prevent him from developing a meaningful relationship with them.
¶ 4. An evidentiary hearing was held. Later, the chancellor stated his findings and conclusions in a letter sent to the parties. The chancellor held that the twenty-one year delay by Mrs. Brown in pursuing this action was unnecessary and unreasonable. He also found that Mr. Brown was not in wilful contempt. Nonetheless, *1121 Mrs. Brown was entitled to a judgment in the amount of $54,697.66 in unpaid child support. Mr. Brown appealed.

DISCUSSION

I. Unreasonable Delay
¶ 5. Mr. Brown seeks a dismissal because before suit was filed, twenty-one years had passed since the support obligation was created. Mr. Brown does not expressly make a laches argument or raise the defense of the statute of limitations, but this is in essence what he is claiming.
¶ 6. Two statutes are involved. One requires a person to sue on a judgment within seven years of its entry. Miss.Code Ann. § 15-1-43 (Rev.1995). The other tolls a statute of limitation until the claimants, the children themselves, have become adults.
If any person entitled to bring any of the personal actions mentioned shall, at the time at which the cause of action accrued, be under the disability of infancy or unsoundness of mind, he may bring the actions within the times in this chapter respectively limited, after his disability shall be removed as provided by law.
Miss.Code Ann. § 15-1-59 (Supp.2001).
¶ 7. When the motion for contempt was brought in 2000, both children were adults. More than seven years had passed since the son became twenty-one years old, and thus the claim for unpaid support for him would have been barred if the issue were properly raised procedurally. Miss.Code Ann. § 15-1-59 (Rev.1995). The daughter, however, had not yet reached her twenty-eighth birthday. Mrs. Brown's claim for the daughter's support could have continued even had the seven year statute of limitations been raised.
¶ 8. What procedure was to be used to inject this defense is the principal issue on appeal. An affirmative defense such as a statute of limitations is waived if not raised by pleadings. M.R.C.P. 12(b) (defense must be raised in responsive pleading); M.R.C.P. 15(a) (may amend with leave of court). However, these rules apply only when a responsive pleading is required. M.R.C.P. 12(b) (if a pleading sets forth a claim for which the adverse party is not required to serve a responsive pleading, he may assert at trial any defense in law or fact to that claim for relief). No answer is due in response to a petition for contempt or for unpaid child support. M.R.C.P. 81(d)(2) & (4). Though Antra Brown's attorney filed an answer on April 20, it was not a required pleading. When the hearing on the contempt was conducted on May 1, the father's attorney raised the statute of limitations. We find no waiver for failure to plead an affirmative defense when no pleading is required. Appellate courts have the luxury of time to discover such nuances in the rules that is not afforded to the chancellor. The point was not an obvious one.
¶ 9. Emancipation of a child who was the subject of a child support order does not bar an action to recover unpaid child support payments. Premeaux v. Smith, 569 So.2d 681, 685 (Miss.1990). Either the child or the custodial parent had the right to bring an action against the defaulting parent for child support in arrearage. Varner v. Varner, 588 So.2d 428, 433 (Miss.1991).
¶ 10. Because the statute of limitations had not expired as to the daughter, the defense of laches was likewise unavailable to block the suit as to unpaid support for the daughter. Laches is never applicable when a claim has not been barred by the statute of limitations. Mississippi Dept. of Human Servs. v. Molden, 644 So.2d 1230, 1232 (Miss.1994). Therefore, *1122 the younger child's claim remains a viable one; the claim for the older child is barred.

Division of arrearage for child support among the mother and two children
¶ 11. Mrs. Brown brought this action on behalf of her two adult children. The chancellor called her "a disinterested stakeholder." Her interest was too personal fairly to be labeled "disinterested." The custodial parent is supposed to be a fiduciary for the children when receiving support payments, or as here, when not receiving support. Varner, 588 So.2d at 433. Child support payments are for the benefit of the child, not the recipient parent. However, if the supporting parent's failure to adhere to his financial responsibilities causes the custodial parent to "dip into her own resources beyond what would otherwise be expected of her, she may recover and retain amounts so proved...." Molden, 644 So.2d at 1232. No proof was ever introduced in these proceedings of the extent to which the mother had been forced to use her own funds for support of her children over the twenty-year period and whether part of the delinquent support should go directly to the children. The son appeared as a witness, but the daughter has taken no part in this litigation. Division of proceeds is a matter that does not concern the defaulting paying spouse, but it must concern a court since the mother is not per se entitled to the delinquent support. If the arrearage is paid improperly, the proper person who is not participating in the proceedings has been injured.
¶ 12. How to divide the overall arrearage between the two children, only one of whom has a current claim, then how to divide that sum with the mother are matters for remand. We suggest these general guidelines. The father was obligated to pay $125 per month until modified by court order or until both children became adults. One child reached age 21 in roughly 15 years, the other in 18 years. An actual computation would have to be adjusted for the month in which support was supposed to start, the two payments actually made, and the dates at which each child became 21.
¶ 13. Therefore, the total amount due was 18 years × 12 months × $125 per month, plus interest.
¶ 14. If the claims of both children were able to be brought, they would divide the arrearage equally for the 15 years that both of them were entitled to support. Then for the last three years, when only the daughter was under 21 years of age, she was entitled to all the $125 since no modification was sought.
¶ 15. Therefore, had both children been properly in the suit, an equal division would have been calculated roughly this way:
a) Son: 15 × 12 × $125 × ½
b) Daughter: (15 years × 12 × $125 × ½) + (3 years × 12 × $125).
¶ 16. Since only the daughter Kelly Theresa Brown's claim can withstand the statute of limitations bar, we find no obvious reason why she would become entitled to more money than she would have received if her brother Tony Deondrae Brown's claim were not barred.
¶ 17. It is true that under the child support guidelines that did not come into existence until 1989, one child is presumed to be entitled to receive 14% of the adjusted gross income of the supporting parent, while two children should receive 20%. This suit concerns dividing the unpaid support after-the-fact between the two children who should have, through their mother, been receiving the support. Their share in the lump sums allocable to the *1123 period that both should have been receiving support would reasonably be equal. We do not so hold, however, and leave the issue open on remand.
¶ 18. As to Eula Jean Brown, her claim is derivative. She is entitled to seek the agreement of her daughter as to the division, or may try to provide proof from which an approximation can be made of the sums that she paid in support of the children that compensated for the failure of their father to provide support. That derivative entitlement can come only from the child who still has a claim, the daughter.
¶ 19. We remand for a determination of the division of the proceeds. The chancellor should determine the amount of the arrearage allocable just to the claim of the daughter. Then, if the mother and daughter agree among themselves on the division of that amount, evidence of the agreement in a form acceptable to the chancellor can be presented. If not, proof should be introduced of the mother's actual expenditures in support of her daughter that substituted for the missing payments from Mr. Brownas difficult as that may be at this late date. The chancellor may well decide to accept quite rough approximations as necessary in the circumstances. The daughter should be made a party for these purposes, or affirmatively waive participation.
¶ 20. The Mississippi Supreme Court recently dealt with a similar set of circumstances. The Court upheld a chancellor's decision to award to one child the complete amount of joint child support that had been intended for two children. Burt v. Burt, 2000-CA-00857 SCT (¶ 1), ___ So.2d ___, 2001 WL 954170 (Miss. Aug. 23, 2001). However, as pointed out in a footnote, neither party contested the chancellor's decision that the entire award should be paid to one child. Id. As such, the court had no duty to review that issue on appeal. The dissent was concerned about a precedent that the majority did not discuss, that had found that if "one of the parties to a joint action is of age when the cause of action accrues, the statute of limitations runs against all and when one is barred, all are barred." Burt, 2000-CA-00857 SCT (¶ 21) (Miss. Aug. 23, 2001)(McRae, J., dissenting), quoting Arender v. Smith County Hosp., 431 So.2d 491, 493 (Miss.1983). The majority did not discuss Arender. We find that implicitly the majority disagreed with that position. Even the dissent recommended the overruling of Arender. Burt, 2000-CA-00857-SCT (¶ 26) (Miss. Aug. 23, 2001).
¶ 21. We find that Burt left as an open question the proper proportionate division of unpaid support between adult children who are years later seeking the sums. Therefore, we do not decide how much of total unpaid back child support may be claimed by one child alone when other children are barred from or are not making a claim. We leave the initial determination of that point to the chancellor on remand, who may seek the benefit of the parties' briefing of the question. The division with the mother must also be decided.

II. "Unclean Hands"
¶ 22. Mr. Brown alleges that he should not be required to pay this support because his former wife failed to abide by a condition precedent in the final decree. The pertinent provision of the 1979 divorce decree provides:
The court further finds that the Complainant, Antra Brown, should be required to pay a reasonable sum for the support of his minor children in the sum of $125 a month payable on the first of each month after the complainant has been supplied with information as to the whereabouts of his minor children.
*1124 ¶ 23. Mr. Brown contends that over nearly twenty years, Mrs. Brown intentionally concealed the location of the children. Thus, he was blocked from establishing a relationship with them. Mrs. Brown's recollection of the events is completely different. She maintains that despite the fact that she resided in several different states in the twenty-year period, she never failed to inform Mr. Brown of the location of where she and the children resided.
¶ 24. Whether the wording of the above provision is a condition precedent to Mr. Brown's obligation to pay child support is a question of law. The chancellor found that being informed of the children's location was not a prerequisite to the payments, as the obligation grew out of his obligation as a father. The chancellor also found that regardless of that conclusion, the father did know or quite easily could have discovered their location. Finally, the chancellor concluded that since Mr. Brown made two early payments, the argument was waived that he was to be first informed of the place that the children resided.
¶ 25. We disagree in part with the chancellor's reasoning. Had Mr. Brown shown that his former wife had intentionally withheld information about his children's residence, thereby blocking his contact with his children, the father's obligation to make the child support could have been waived. Cole v. Hood, 371 So.2d 861, 863 (Miss.1979). In Cole, the former wife concealed the location of the children for more than eight years in order to prevent the father from exercising his visitation rights. Hood made numerous unsuccessful attempts to locate his children. Despite her actions, the former wife petitioned for Hood to be held in contempt for failure to pay child support. The lower court dismissed the action on the grounds of laches and other equitable principles. Id. The Supreme Court affirmed, based on the maxim that "[h]e who comes into equity must come with clean hands." The Court concluded that Cole's act of concealing the children was inequitable behavior, preventing Cole from seeking an equitable remedy. Id.
¶ 26. Unlike the father in Cole, Mr. Brown put on almost no evidence that he tried but was blocked in his efforts to locate his children. Indeed, a fair reading of the record is that his interest in the children was not sufficient to cause him to exert himself in locating them. There was evidence that the children were, with some regularity, in Amite County with their mother's parents, and that Mr. Brown knew that. There was very little evidence of deliberate concealment of the location of the children. Thus, we do not find that there was conduct by the custodial parent that reasonably could be seen as creating a waiver of the child support obligation.
¶ 27. This is even clearer when we examine a more recent Supreme Court elaboration of Cole. When the non-custodial, supporting parent has difficulty in gaining the benefits of visitation, he should take formal steps to relieve himself temporarily of the support requirement. "The court could have entered an order relieving him from making the payments, or holding the payments in abeyance, or other alternatives." Cunliffe v. Swartzfager, 437 So.2d 43, 45 (Miss.1983). Thus the supporting parent has a duty to pursue relief in the court system and not just, as here, wait until his children reach a majority. The fact that the custodial parent may also be ignoring the opportunity to seek judicial assistance cannot be used as a reason to block relief for the children.
¶ 28. Mr. Brown took it upon himself to stop making his court-ordered child support payments. The reason for that would *1125 be difficult to know for certain, but under Cunliffe, the reason is not particularly significant. The debt is still owed.
¶ 29. As to contempt, we uphold the chancellor's refusal to find Mr. Brown contemptuous in 2000 for what he failed to do starting in 1979. The twenty-one years that Mrs. Brown waited to pursue this matter was an unnecessary and unreasonable delay. That shared neglect has some bearing on whether Mr. Brown should be held in willful contempt of court. He may well have been in contempt at the beginning, but his former wife's neglect in seeking relief surely causes the contempt aspect of the failure to support to subside or even to be shared. However, we find that because Mr. Brown simply ignored his obligation to make monthly child support payments instead of seeking a remedy through the court, Mrs. Brown is entitled to the arrearage sought.

Conclusion
¶ 30. We are remanding so that the proper recipients for the payment of the judgment can be determined. The chancellor can conduct such proceedings as appear appropriate.
¶ 31. The two individuals whose right to support are the basis for this award were not even parties to this suit. It is true that no dismissal was sought for failure to have necessary parties. However, since we are remanding for other reasons and additional proceedings are required, we find it appropriate to require that before the court may release this money to Mrs. Brown, she needs to show that she is entitled to it. The precedents indicate that entitlement to arrearages in child support is shared by the custodial parent and the children, a matter of especial cogency once the children are grown and are not in the custody of either parent.
¶ 32. THE JUDGMENT OF THE CHANCERY COURT OF AMITE COUNTY AWARDING $54,697.66 TO THE APPELLEE IS REVERSED. THE CAUSE IS REMANDED FOR DETERMINATION OF THE PROPER AMOUNT OF PAST-DUE SUPPORT ALLOCABLE TO KELLY THERESA BROWN ALONE, AND THE PROPER DIVISION OF THE PROCEEDS BETWEEN HER AND EULA JEAN BROWN. COSTS OF THIS APPEAL ARE ASSESSED EQUALLY TO THE APPELLANT AND THE APPELLEE.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, AND CHANDLER, JJ., CONCUR. BRANTLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.