# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 9, 2013

Lyle W. Cayce
Clerk

No. 12-60589

KELLY BAKER, Guardian for Aaron Wayne Page,

Plaintiff - Appellee

v.

RR BRINK LOCKING SYSTEMS, INCORPORATED,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi

Before JOLLY, GARZA, and OWEN, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Aaron Wayne Page ("Page") was allegedly raped while in jail when he was nineteen years old. He sued RR Brink Locking Systems, Inc. ("Brink"), among others, claiming the rape occurred as a result of ineffective locks on cell doors. In this interlocutory appeal, Brink argues that the district court erred in rejecting its contention that the statute of limitations began running against Page at the moment the alleged torts occurred because, even though at nineteen years old he was under the age of majority, he was emancipated at this time by operation of law based upon his felony record. The district court held that Page continued to suffer from the disability of minority at the time of the torts, despite

No. 12-60589

being emancipated, and, thus, that he timely commenced this action by filing less than three years after his twenty-first birthday.  We AFFIRM.

## I.

On August 2, 2007, Page was a nineteen-year-old pre-trial detainee at the Harrison County Adult Detention Center.  Page alleges that in the early morning hours, another inmate was able to leave his own cell and enter Page's, where he assaulted and raped Page.  Page further contends these events were made possible, in part, by faulty locks Brink manufactured.

Page initially filed suit in February 2009.  In February 2011, he amended his complaint adding Brink as a party and claims of negligence, strict liability, and breach of implied warranty against it.  Brink moved for summary judgment, contending Mississippi's three-year statute of limitations period, applicable to personal injury and products liability, applied.  Brink argued Page was an emancipated minor when the alleged events occurred, because he was arrested and charged as an adult more than sixteen times before turning 21.  *See* MISS. CODE. ANN. § 93-11-65(8)(a).  As such, the statute of limitations began to run at the time the alleged events occurred.  Page countered that he continued to suffer from the disability of infancy until he turned 21, and thus that his February 2011 amendment was timely.  *See* MISS. CODE ANN. § 15-1-59.

The district court found Brink's arguments unpersuasive.  It examined Mississippi's statute and case law, and determined that emancipation is a concept separate and distinct from the disability of infancy.  Accordingly, it denied Brink's motion for summary judgment.  Brink timely filed an interlocutory appeal.

## II.

We have appellate jurisdiction to decide this interlocutory appeal under 28 U.S.C. § 1292(b).  "Questions of statutory interpretation are, of course, reviewed *de novo*."  *Carder v. Cont'l Airlines, Inc.*, 636 F.3d 172, 174 (5th Cir.

No. 12-60589

2011). Where, as here, a federal court exercises jurisdiction over state law causes of action based upon diversity of citizenship, *see* 28 U.S.C. § 1332, we apply state substantive law as stated in the final decisions of the state's highest court. *Shanks v. AlliedSignal, Inc.*, 169 F.3d 988, 993 (5th Cir. 1999). "When there is no ruling by the state's highest court, it is the duty of the federal court to determine as best it can, what the highest court of the state would decide." *Lampton v. Diaz*, 661 F.3d 897, 899 (5th Cir. 2011) (internal quotation marks omitted).

The question presented in this appeal is whether an emancipated minor—who is emancipated only based upon his record of felonies—is entitled to the protection of the Mississippi savings statute, under which the disability of infancy is not removed until a person reaches age twenty-one.[1] MISS. CODE. ANN. § 15-1-59. The Supreme Court of Mississippi has not answered this question, but after thoroughly analyzing decisions in similar Mississippi cases, as well as the Mississippi Code, we conclude that the answer is yes.

A.

We begin by examining the relevant provisions of the Mississippi Code, which provide the framework for evaluating this case. There are several code provisions that are applicable in reaching the answer to today's question. First, we consider Chapter 1, Title 15 of the Mississippi Code, establishing the savings statute, which provides:

> If any person entitled to bring any of the personal actions mentioned shall, at the time at which the cause of action accrued, be under the disability of infancy or unsoundness of mind, he may bring the

---

[1] As discussed below, the Mississippi Code allows for a court to remove the disability of infancy prior to an individual reaching age twenty-one in certain circumstances. *See* MISS. CODE ANN. § 93-19-1 et seq. In this appeal, however, there is no argument that a chancery court ever issued a decree of removal of minority as to Page.

No. 12-60589

actions within the times in this chapter respectively limited, after his disability shall be removed as provided by law.[2]

MISS. CODE ANN. § 15-1-59. An "infant" for purposes of the savings statute is any person under twenty-one years of age. MISS. CODE ANN. § 1-3-21.

Title 93, meanwhile, deals with domestic relations, a seemingly distant subject from our domain today. Section 93-11-65(8)(a) is entitled "Enforcement of Support of Dependents," and establishes the situations under which a child may become emancipated, thus relieving obligations of parental support. It states in relevant part:[3]

> The duty of support of a child terminates upon the emancipation of the child. Unless otherwise provided for in the underlying child support judgment, emancipation shall occur when the child:
> (i) Attains the age of twenty-one (21) years, or
> (ii) Marries, or
> (iii) Joins the military and serves on a full-time basis, or
> (iv) Is convicted of a felony and is sentenced to incarceration of two (2) or more years for committing such felony.

MISS. CODE ANN. § 93-11-65(8)(a) (Supp. 2010).

Next, we look at Chapter 19 of Title 93, entitled "Removal of Disability of Minority," which details circumstances whereby the chancery court may remove the disability of minority as to real estate rights and transactions for an individual under twenty-one. The statute further provides how such an individual may apply for removal of disability, that the disability of minority does not apply to married minors for purposes of actions involving marital

---

[2] This provision only applies to statutes of limitations within Chapter 1, Title 15 of the Mississippi Code. *Pollard v. Sherwin-Williams Co.*, 955 So. 2d 764, 770 n.6 (Miss. 2007). Page's claims of products liability and personal injury are within reach of the savings statute because they are encompassed by § 15-1-49's three-year statute of limitations. *Lincoln Elec. Co. v. McLemore*, 54 So. 3d 833, 835-36 (Miss. 2010).

[3] The statute also provides other situations in which a court may determine emancipation has occurred, including when a child discontinues full-time enrollment in school and is at least eighteen years old.

No. 12-60589

rights, and that persons eighteen years of age or older are competent to contract in matters affecting personal property.[4]  MISS. CODE ANN. § 93-19-1 et seq. Importantly, § 93-19-9 describes the terms of a chancery court's decree of removal of minority:

> The decree may be for partial removal of the disability of the minor so as to enable him to do some particular act proposed to be done and specified in the decree; or it may be general, and empower him to do all acts in reference to his property, and making contracts, and suing and being sued, and engaging in any profession or avocation, which he could do if he were twenty-one years of age; and the decree made shall distinctly specify to what extent the disability of the minor is removed, and what character of acts he is empowered to perform, notwithstanding his minority, and may impose such restrictions and qualifications as the court may adjudge proper.

MISS. CODE ANN. § 93-19-09.

The plain language of the Code distinguishes between the two terms "disability of infancy" and "emancipation," as evidenced by the separate treatment afforded to each under the provisions above.  Each entails its own consequences; and the Code provides for different means by which the disability may be removed and emancipation may be effected.

B.

In this appeal, however, Brink contends that Page's alleged emancipation[5] had consequences outside those ascribed to emancipation in the Code. Essentially, it argues that when Page was emancipated, the effect was to remove his disability of infancy.  The Code itself provides no support for this argument. Thus, Brink relies upon Mississippi case law, which it argues establishes a rule that a child who is emancipated ceases to suffer the disability of infancy because

---

[4] This chapter also notes that persons eighteen years of age or older may participate in physiological training.

[5] Brink alleges Page was emancipated, but the court below did not render a finding on this issue; instead, it held that emancipation does not remove the disability of infancy.

of his emancipation. This argument cannot prevail because it rests on a predicate that mischaracterizes Mississippi law.

Brink looks primarily to *Ladner v. Logan*, 857 So. 2d 764 (Miss. 2003), for sustenance. That case, however, is no lifeline for Brink. Brink contends the Mississippi Supreme Court "affirmed the trial court's conclusion that the children's 'disabilities of infancy' had been removed prior to them turning 21 years old and that, as such, only the youngest son had a viable claim." *See* Br. of Appellant at 9-10. But the trial court made no such finding, and neither did the Mississippi Supreme Court. In *Ladner*, Cheryl Ladner sought payment of unpaid child support for her four children from her ex-husband, Woodrow Logan. 857 So. 2d at 765. The trial court chancellor noted both the dates at which each child was emancipated[6] and the date at which each reached the age of majority, i.e., twenty-one. *Ladner v. Logan*, No. 19,882-D, at * 3 (Ch. Ct. Pearl River Cnty. Miss. Mar. 27, 2002). It then held the child support claims of the three older children were time-barred, as more than seven years had elapsed from the time each reached the age of majority to the time they were joined as proper parties in Ladner's suit. *Id.* at *5-6.

On appeal, the Mississippi Supreme Court addressed, *inter alia*, "[w]hether the chancellor erred in his application of the statute of limitations as it applied to the adult children." 857 So. 2d at 771. Ladner's argument on appeal was that "since the youngest child of four children became emancipated at the time of high school graduation, May of 1995, the statute cannot commence to run against any Plaintiff or any of the children until May of 2002." *Id.* at 772. Thus, the issue before the court was not whether the statute began to run either upon a child's emancipation or upon his reaching the age of majority; instead,

---

[6] The trial court does not clearly state the cause of each child's emancipation, but the dates appear to coincide with each child's high school graduation or his ceasing full-time enrollment in school after turning eighteen.

No. 12-60589

the question was whether the statute remained tolled as to all the children until the youngest child was emancipated.[7] *Id.* The court found no support for the proposition that the statute of limitations began to run against all the children only after the youngest child became emancipated, and held that the trial court correctly found the statute of limitations had run upon the claims of the three oldest children. *Id.*

In reaching this conclusion, the court relied upon *Brown v. Brown*, 822 So. 2d 1119 (Miss. Ct. App. 2002), in which Mrs. Brown sought payment of child support for her two then-adult children from her ex-husband, Mr. Brown. *Id.* at 1120. The *Brown* court first noted § 15-1-59 tolls the statute of limitations until the disability of infancy is removed. *Id.* at 1121. It then found that more than seven years had elapsed since the Browns' son reached age twenty-one, and thus that his claim was barred. *Id.* It found the daughter's claim was still viable, however, as she had not yet turned twenty-eight. *Id.* Accordingly, the court looked to whether each child had reached the age of majority to determine whether the statute of limitations had run, not whether either had been emancipated more than seven years prior.[8] In neither *Ladner* nor *Brown*, then, did the court find emancipation was tantamount to removal of the disability of infancy for purposes of applying the statute of limitations.

Next, Brink looks to the decision of the Mississippi Court of Appeals in *White v. Abel*, 802 So. 2d 98 (Miss. Ct. App. 2001), and again fails to make a persuasive connection in support of its argument. In that case, the question was

---

[7] It is noteworthy that Ladner elected to argue that the statute was tolled until her youngest child was emancipated—not when he reached the age of majority, a later date—despite that the chancellor clearly held the statute was tolled until this child reached majority.

[8] The court does not mention emancipation, and it appears neither party contended either child was emancipated prior to reaching the age of majority. Nevertheless, this case is not helpful to Brink's argument, as it does not equate emancipation with the removal of the disability of infancy, as Brink seeks to do in this appeal.

7

"[w]hether the lower court erred by admitting into evidence the affidavit of minor, Tonya Able, which the [trial] court relied upon in holding the minor was emancipated at age seventeen and the statute of limitations had run on this action." *Id.* at 100. Tonya's mother, who brought the suit for back child support, did not argue on appeal that the statute of limitations was tolled until Tonya turned twenty-eight, but instead she argued that the lower court erroneously had considered Tonya's affidavit, executed when Tonya was approximately twenty-six. The affidavit had undermined the mother's claim for child support because in it Tonya had waived all her rights and claims to any back child support that her father may have owed. *Id.* at 100-01.

On appeal, the court held that Tonya's mother did not have standing to sue for arrearage, because her capacity to sue only served as a conduit for Tonya, and, at the time the suit was filed and the affidavit was executed, Tonya was an adult (age twenty-six) and she had explicitly disclaimed any right to sue after she reached majority. *Id.* at 102-03. It is true that the court concluded that, in any event, the statute of limitations had run on the claim. *Id.* at 103. Brink takes this statement and argues it clearly demonstrates that the statute of limitations begins to run when a child is emancipated, not when she reaches the age of majority—as Tonya's claim would have been viable if the seven-year statute of limitations were tolled until she turned twenty-one. The court's remark, however, was clearly non-binding dictum unrelated to the issue addressed by the decision of the court. *See In re Cajun Elec. Power Coop., Inc.*, 109 F.3d 248, 256 (5th Cir. 1997) (describing dictum as a statement that "'could have been deleted without seriously impairing the analytical foundations of the holding–[and], being peripheral, may not have received the full and careful consideration of the court that uttered it'" (quoting *Sarnoff v. Am. Home Prods. Corp.*, 798 F.2d 1075, 1084 (7th Cir. 1986))). Whatever its classification, however, this court of appeals statement in *White* certainly can not now be relied

upon for the proposition that emancipation of a child has the effect of removing the disability of infancy when this question was never raised in the case; furthermore, the state supreme court cases are in conflict with the consequences of such a broad holding.[9]

Finally, we should observe that Brink has relied solely upon cases that have arisen in the context of domestic relations, and has referred us to no case addressing the savings clause as it relates to tort claims similar to those at issue here. Indeed, each case upon which Brink relies addressed whether an emancipated child's claim for unpaid child support remained viable or had been extinguished by the statute of limitations. Thus, even assuming each case stands for the proposition Brink attributes to it, Brink at best has demonstrated that emancipation, occurring before reaching majority age, may allow the statute of limitations to begin to run against a child for purposes of collecting back child support. This demonstration is not ultimately helpful for Brink, as the Mississippi Code makes clear that the disability of minority may be removed for some purposes while remaining in place for other purposes. *See* MISS. CODE ANN. § 93-19-9 (noting the decree of removal must "distinctly specify to what extent the disability of the minor is removed, and what character of acts he is empowered to perform notwithstanding his minority"). Furthermore, the Mississippi statutes explicitly require a Chancellor to remove the disability of minority from an individual under twenty-one before that individual can be deemed not to suffer from the disability. *See* MISS. CODE ANN. § 93-19-9; Miss. Unif. Ch. Ct. R. 7.03 ("In all cases for the removal of disability of a resident minor, the minor must be produced before the Chancellor for observation and

---

[9] Brink proffers one final case, *Burt v. Burt*, 841 So. 2d 108 (Miss. 2001), for support of its argument. Again, however, the issue we are now addressing was not raised in that case. Moreover, the language helpful to Brink's argument comes from the partial concurrence and partial dissent that two justices joined, and the majority opinion does not make any reference to the savings statute.

No. 12-60589

examination unless specially excused from doing so."); *Miss. State Tax Comm'n v. Reynolds*, 351 So. 2d 326, 328 (Miss. 1977) (holding the chancellor must find a minor of "maturity, sound judgment and intelligence" to remove disability). These statutes and cases make clear that removal of the disability of minority does not arise automatically upon the occurrence of specified events except for reaching the age of twenty-one; this limitation stands in stark contrast with emancipation, which may be deemed to have automatically arisen upon the occurrence of statutorily designated events. *See* MISS. CODE ANN. § 93-11-65(8)(a) (detailing the conditions under which emancipation occurs). Brink's argument that emancipation triggers the automatic removal of disability of minority is thus at odds with the Code's plain requirements. Brink has offered no reason to suggest that the courts of Mississippi would rule in its favor by reading such a tension into the Mississippi Code.

## III.

In sum, the Mississippi Code clearly distinguishes between the concepts of emancipation and the disability of infancy, as well as the implications of each, and Mississippi cases do not illustrate an intent to deviate from this clear distinction. We thus hold that, under Mississippi law, the statute of limitations did not begin to run against Page until he reached the age of majority. The judgment of the district court is, therefore,

AFFIRMED.

No. 12-60589

OWEN, Circuit Judge, concurring in the judgment:

This case was briefed to our court based on the argument that Page's disability of minority was removed by section 93-11-65(8)(a) of the Mississippi Code.[1]  I agree that this section did not remove Page's disability of minority for purposes of permitting him to sue for his personal injuries.  That is because, by its own terms, section 93-11-65(8)(a) deals only with the duty of child support upon emancipation of a child.[2]  It is found in Chapter 11 of the Mississippi Code, which is entitled "Enforcement of Support of Dependents."  However, I do not think it necessary to draw a sweeping distinction between "removal of disability" and "emancipation," as the panel opinion does, to decide the only issues that are presented by this appeal.  I therefore do not join the panel majority's opinion in this latter regard and concur only in the judgment.

Chapter 19 of the Mississippi Code is entitled "Removal of Disability of Minority" and addresses a number of circumstances in which the disability of a minor may be removed.  I note that it is at least arguable that Page's disability of minority may be partially removed by a provision found in Chapter 19, section 93-19-13,[3] which is self-effectuating and does not require a decree from the chancery court.[4]  Section 93-19-13 may have the effect of removing Page's disability of minority as to his personal injuries, at least under some circumstances.  That section of the Mississippi Code provides as follows:

> All persons eighteen (18) years of age or older, if not otherwise disqualified, or prohibited by law, shall have the capacity to enter into binding contractual relationships affecting personal property.

---

[1] MISS. CODE ANN. § 93-11-65(8)(a) (2004 & Supp. 2012).

[2] *Id.*  ("The duty of support of a child terminates upon the emancipation of the child.")

[3] *Id.* § 93-19-13.

[4] *See Garrett v. Gay*, 394 So. 2d 321, 322-23 (Miss. 1981).

No. 12-60589

Nothing in this section shall be construed to affect any contracts entered into prior to July 1, 1976.

In any legal action founded on a contract entered into by a person eighteen (18) years of age or older, the said person may sue in his own name as an adult and be sued in his own name as an adult and be served with process as an adult.[5]

A cause of action for personal injuries is personal property under Mississippi law.[6] A person eighteen years of age or older may enter into a valid and enforceable contract to settle a claim for personal injuries, even if suit has not been filed.[7] However, we do not and should not reach questions regarding the potential effect of this statute on Page's claim in the case before us because no arguments regarding this statute were presented to the district court, and this provision of Mississippi law was not raised in Brink's initial briefing in this court.

---

[5] MISS. CODE ANN. § 93-19-13.

[6] *See e.g.*, *Garrett* 394 So. 2d at 322-23 (Miss. 1981).

[7] *Id.*